693 P.2d 1106

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Timothy MASON, Defendant-Appellant.**

**No. 15522.**

Court of Appeals of Idaho.

Dec. 31, 1984.

Robert W. Galley, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Timothy Mason has appealed a ten-year, indeterminate sentence imposed upon him for first degree burglary. He contends that the district judge gave inadequate reasons for his sentencing decision and that the sentence was unduly harsh. We affirm the sentence.

■ The first issue, whether adequate reasons were given, presumes that judges must give reasons for their felony sentencing decisions. The Idaho Supreme Court has held that no such requirement exists in this state. *See State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1984), *overruling State v. Nield,* 105 Idaho 153, 666 P.2d 1164 (Ct.App.1983) *and State v. Tisdale,* 103 Idaho 836, 654 P.2d 1389 (Ct.App.1982). However, our Supreme Court has encouraged judges to give reasons and we note that the judge in this case did make pertinent comments from the bench.

■ The second issue, whether the sentence was unduly harsh, requires us to examine the nature of the offense and of the offender. The offense in question, a nighttime burglary of a residence, occurred in 1980. Mason was promptly apprehended. He pled guilty and was sentenced during that same year. The court pronounced a fifteen-year, indeterminate sentence, but suspended execution of the sentence and placed Mason on probation. In 1981, Mason committed another first degree burglary and was granted probation by a different court, following evaluation under the retained jurisdiction program. *See* I.C. § 19–2601(4). His probation on the 1980 offense was allowed to continue. However, in 1983 and 1984, Mason committed two more first degree burglaries. As a result of this conduct and other probation violations, the probation on the 1980 offense was revoked. The court reduced the original fifteen-year sentence to ten years and ordered it to be served. The court directed that this ten-year period run concurrently with an equivalent sentence imposed for one of the other burglaries.

The record discloses that Mason was twenty-two years old when his probation was revoked in 1984. He had a seventh or eighth grade education and minimal job skills. He exhibited a history of substance and alcohol abuse. The presentence investigator, who prepared an updated report in 1984, recommended imprisonment. In ordering ten years of the original sentence to be served, the judge noted that Mason needed "a structured environment for a lengthy period of time."

The ten-year, indeterminate sentence is well within the statutory limits for first degree burglary. The maximum penalty authorized for first degree burglary is fifteen years' imprisonment. I.C. § 18–1403. Our Supreme Court has held that if a sentence is within the statutory maximum, it will not be disturbed on appeal unless the appellant affirmatively shows a clear abuse of discretion. *E.g., State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). A sentence may represent a clear abuse of discretion if it is shown to be unreasonable upon the facts of the case. *E.g., State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). We have held that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any related goal of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). For the purpose of appellate review, we deem the term of confinement under an indeterminate, ten-year sentence to be approximately three and one-third years, or forty months. *See State v. Anderson,* 103 Idado 622, 651 P.2d 556 (Ct.App.1982).

The record in this case plainly demonstrates a need to confine Mason for a substantial period of time, in order to protect society from a continuation of his established pattern of unlawful behavior. The sentence also may deter others from committing similar crimes and it may furnish Mason an opportunity, through institutionalized programs, to improve his education. We believe that upon any reasonable view of the facts, confinement for forty months would not exceed the minimum period necessary for these purposes. Accordingly, we conclude that the sentence is not excessive.

The ten-year, indeterminate sentence is affirmed.