715 P.2d 1005

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Lonnie Lee HAGGARD, Defendant-Appellant.**

**No. 15904.**

Court of Appeals of Idaho.

Feb. 28, 1986.

Warren C. Webber, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen. and A. René Fitzpatrick, Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. The procedural history may be summarized briefly. Lonnie Haggard was charged with eleven counts of first degree burglary. Proceedings on these charges were consolidated with proceedings on two other charges of grand theft and first degree burglary. Haggard pled guilty on those two charges and he received concurrent, indeterminate sentences of five years. However, the district judge retained jurisdiction for 120 days on each sentence. The prosecutor agreed to defer any further proceedings on the eleven burglary counts, pending the eventual outcome of a 120-day evaluation and of any probation that might ensue. The 120 days were extended an additional sixty days. At the end of the 180-day period, the remainder of each five-year sentence was suspended. Haggard was placed on probation.

Shortly thereafter, Haggard violated his probation and thereby also breached the deferred prosecution agreement. The district court reinstated the five-year sentences, accepted pleas of guilty to the eleven burglary counts, and sentenced Haggard to a fixed fifteen-year term on each of those counts. The fixed terms were made concurrent with each other but consecutive to the five-year indeterminate sentences. Haggard later moved the court under I.C.R. 35 to reduce the fixed sentences. The district judge denied the motion and Haggard appealed. We affirm.

It is well established that a motion to reduce a legally imposed sentence is addressed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). Such a motion

essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Sutton,* 106 Idaho 403, 679 P.2d 680 (Ct.App.1984). The question presented by appeal from the denial of a Rule 35 motion is whether the facts presented in connection with the motion, when viewed in the context of information already in the record, show that the district judge abused his discretion in failing to grant the leniency requested. *State v. Sutton, supra.*

 Haggard could have been sentenced to consecutive, fixed fifteen-year terms for each of the eleven counts of burglary. I.C. §§ 18–308, 18–1403 and 19–2513A. Therefore, the concurrent, fixed fifteen-year terms were within the maximum allowed by statute. As explained in *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984), the question whether discretion has been abused in declining to reduce a sentence is governed by the sentence review standards articulated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In *Toohill,* we explained that a term of confinement is reasonable to the extent it appears necessary at the time of sentencing to accomplish the primary objective of protecting society and to achieve the related goals of deterrence, rehabilitation and retribution. For the purpose of appellate review, we treat the duration of confinement imposed by a fixed sentence as the term of the sentence on its face, less the reduction available as a matter of right for good conduct under I.C. § 20–101A. *State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct. App.1983). Accordingly, we will treat Haggard's confinement as approximately two-thirds of the sentence imposed, or ten years.

 We now turn to the nature of the offense and of the offender. The eleven burglaries were committed by Haggard and an accomplice during a period of several weeks. The burglaries occurred at business establishments and at residences in the nighttime. Although no violence was involved in any of the burglaries, the possibility of violent confrontations existed.

Haggard's presentence investigation report revealed numerous juvenile, misdemeanor and felony offenses. Haggard told a presentence investigator that he held a local "record" for burglaries, claiming to have committed some 400 offenses during his career. His criminal conduct seemed directly related to his need for money to support a drug habit. Although Haggard completed a drug rehabilitation program prior to the instant offenses, he reverted to drug abuse after leaving the program. Haggard's violation of probation arose from yet another burglary and grand theft.

Having reviewed all the information bearing on Haggard's Rule 35 motion, we conclude that the trial judge did not abuse his discretion in determining that Haggard made an inadequate showing of cause for leniency. Society, unfortunately, must be protected from Haggard's obvious propensity for crime. The fixed sentences are reasonably related to this objective. Accordingly, the order denying Haggard's Rule 35 motion is affirmed.