739 P.2d 409

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Aundrea Joe CLAYTON,
Defendant-Appellant.**

No. 16514.

Court of Appeals of Idaho.

June 1, 1987.

Alan E. Trimming, Ada County Public Defender, George M. Parham, Deputy, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

A jury found Aundrea Clayton guilty of first degree burglary and petit theft. I.C. §§ 18–1401, –1402, –2403 and –2407. The district judge sentenced him to a three-year indeterminate term for the burglary and a concurrent six-month indeterminate term for the petit theft. Four months after sentencing, Clayton filed a timely Rule 35 motion for reconsideration of his sentence. Specifically, he requested reduction of his indeterminate three-year sentence to six months incarceration followed by probation. The court held a hearing on the motion at which only Clayton presented evidence. Following denial of the motion, Clayton brought this appeal. The sole issue for consideration is whether the district court abused its discretion in denying Clayton's motion. We find no such abuse and affirm the court's order.

A Rule 35 motion is essentially a request for leniency from an unduly severe sentence. *State v. Sanders*, 112 Idaho 599, 733 P.2d 820 (Ct.App.1987); *State v. Haggard*, 110 Idaho 335, 715 P.2d 1005 (Ct.App. 1986). Such a motion is addressed to the sound discretion of the trial court. *State v. Roach*, 112 Idaho 173, 730 P.2d 1093 (Ct. App.1986). In reviewing the court's denial, we apply the same criteria used for reviewing the reasonableness of the original sentence. *Id.* This approach, set forth fully in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), reviews the relationship of the nature of the offense and the character of the offender in light of the primary sentencing goal of societal protection and the related goals of deterrence, rehabilitation and retribution. The scope of our re-

view includes all information available at both the original sentencing hearing and the Rule 35 hearing. *State v. Roach, supra.*

■ Pursuant to I.C. §§ 18–1403 and 18–2408(3)(a), the district judge could have sentenced Clayton to fifteen years imprisonment for first degree burglary and one year imprisonment with a fine of $1,000 for petit theft. The actual sentences fall well within these statutory maximums. Solely for purposes of review on the motion at hand, we regard the duration of confinement on an indeterminate sentence to be one-third the length of the sentence. *State v. Toohill, supra.* Clayton requests reduction of his three-year indeterminate sentence only. Hence, we base our review on a confinement period of one-third of that sentence, or one year.

The crime involved was neither violent nor particularly dangerous. The evidence indicates that Clayton entered a car about 6:30 in the morning, before daylight, and removed a sweat shirt and a jacket belonging to the woman who owned the car. His activities were interrupted by an occupant of the residence where the car was parked. The occupant confronted Clayton, found the stolen items under a nearby hedge, and returned them to the car. No injuries occurred and no damages were sought.

From the nature of the offense we turn to the character of the offender. Clayton was on probation at the time of this offense. Although Clayton is only twenty-five years of age, his presentence report indicates a substantial criminal record including a previous felony conviction for first degree burglary and nine misdemeanors. Much of the record centers around theft, substance abuse and violent behavior. The presentence investigator noted Clayton's past inability to obey the rules and conditions applied to previous periods of retained jurisdiction and supervised probation. She emphasized the fact that all rehabilitative options had been used unsuccessfully prior to the instant crime. Her unconditional recommendation to the court was incarceration. Clayton's probation officer made the same recommendation.

At the hearing on the Rule 35 motion, Clayton presented testimony of two men employed at the Idaho State Correctional Institute Farm Dormitory where Clayton was housed following sentencing in this case. They gave their impressions of Clayton acquired over the months they had associated with him at the dorm. When asked for an opinion as to whether Clayton might be successful if awarded probation, the first witness replied "Well, he's done his job for me, he's given me no trouble. The ones I mainly notice are the ones that give me trouble because I have to watch them closely. I really don't know." The second witness responded "I don't know of any reason why he couldn't [succeed] if he puts his mind to it." Neither carefully worded response gives unqualified support to Clayton's bid for probation.

The record before us does not include a transcript of the court's original sentencing of Clayton. Nor does Clayton argue that the court's considerations at sentencing were in any way inadequate. Instead, he argues simply that the court's utter disregard for the unrebutted testimony presented at the hearing signifies a clear abuse of discretion.

Following presentation of the testimony, the judge briefly acknowledged the circumstances indicated by the testimony of the two prison employees. He nevertheless viewed those circumstances with Clayton's prior record, with the permissible maximum penalty and with the facts of this particular offense. He concluded that the three-year indeterminate sentence was not unduly harsh. He then denied the motion. We find no deficiency in his appraisal. While post-incarceration behavior is a factor to be considered in reducing a sentence, it is not necessarily determinative. Clayton has previously received and failed probation, along with numerous other alternative forms of sentencing. As a rehabilitative alternative in this case, probation could be given little weight. In addition to four months of unobjectionable behavior in minimum security, the court must, and did, reasonably consider the less favorable factors of Clayton's past record and of the

recommendations of people trained in evaluating individuals' rehabilitative capacities. The court's balancing of the pertinent factors was reasonable. We conclude that the judge did not abuse his discretion in denying Clayton's Rule 35 motion.

The order of the district court is affirmed.

WALTERS, C.J., and BURNETT, J., concur.