766 P.2d 1284

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Bruce MARCHANT,
Defendant–Appellant.**

No. 17410.

Court of Appeals of Idaho.

Jan. 4, 1989.

Charles B. Lempesis, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Bruce Marchant appeals from a district court order denying his I.C.R. 35 motion for reduction of sentences. Marchant pled guilty to one count of robbery, I.C. § 18–6501, and one count of assault with intent to commit a serious felony upon a law enforcement officer, I.C. §§ 18–901, –909, and –915. He was sentenced to two concurrent, indeterminate twenty-year terms. After serving approximately four months of his sentences Marchant sought unsuccessfully to have the sentences reduced. The sole issue on appeal is whether the district court abused its discretion in denying Marchant's motion. We affirm.

When a Rule 35 motion seeks a reduction of sentence, it is essentially a request for leniency. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). The motion is addressed to the sound discretion of the district court. *State v. Roach,* 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). Our task on appeal is to determine whether the facts presented in conjunction with the motion, when viewed in the context of information already in the record, show that discretion was abused in failing to grant the leniency requested. *State v. Stanfield,*

112 Idaho 601, 733 P.2d 822 (Ct.App.1987). In making this determination, we apply the same criteria used for reviewing the reasonableness of the original sentence. As enunciated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), this requires consideration of the nature of the offense and the character of the offender in light of the primary sentencing goals: protection of society, deterrence, rehabilitation and retribution.

In this case the sentences imposed by the district court were within the statutory limits. *See* I.C. §§ 18–6501 and 18–915. We note that Marchant was sentenced prior to the adoption of the Unified Sentencing Act. I.C. § 19–2513. For purpose of appellate review on the motion, we regard the duration of confinement on an indeterminate sentence to be one-third of the facial length of the sentence. *State v. Toohill, supra.* Therefore, for our review of Marchant's concurrent twenty-year sentences, we deem the period of confinement to be six years, eight months.

Marchant was involved in two related violent incidents. The first, a robbery, occurred when Marchant and another individual threatened the robbery victim with shotgun blasts directed over his head. The record is not conclusive but does suggest that it was the other individual with Marchant who discharged the shotgun. The second incident arose as result of Marchant's attempt to elude police after the robbery was reported. Marchant, trapped by police in a cul-de-sac, brandished the shotgun and fired in the direction of the police. Repeated requests to surrender went unheeded and Marchant, after threatening the police again with the weapon, was shot and wounded.

The presentence report indicates that Marchant had committed several previous offenses, including arson and an armed robbery for which he was still on parole. The report presented psychological evaluations which established that much of Marchant's behavior resulted from debilitating psychological disorders. Marchant had

been prescribed medication which, if taken regularly, alleviated these disorders. However, at the time of the events pertinent here, Marchant had stopped using the medication and had resorted instead to heavy alcohol use as means of controlling his behavior. The presentence investigator concluded that Marchant would not be a proper candidate for probation due to the seriousness of his disorders and the violent nature of the offenses which he committed. The investigator placed emphasis on Marchant's apparent inability to complete prior parole terms successfully or to assist in controlling his disorders and behavior.

At the hearing on the Rule 35 motion Marchant presented reports and certificates which established that while imprisoned he had completed a substance abuse program, received positive work evaluations, enrolled in academic programs and regularly received psychological counseling. After hearing argument from Marchant, the judge briefly reviewed the circumstances of the sentence, reiterating the seriousness of Marchant's crimes, his past record and unstable personality. The judge concluded that Marchant would most likely perform well in an institutionalized setting and that incarceration was the best means to satisfy the important concern of protecting society. The judge noted that Marchant was still not recognizing the need for a medication regimen to control his behavior.

We believe the judge's concerns are well-supported by the record. Moreover, while post-incarceration behavior is a factor to be considered in reducing a sentence, it is not necessarily determinative. *State v. Clayton*, 112 Idaho 1110, 739 P.2d 409 (Ct.App. 1987). The information presented by Marchant at the Rule 35 hearing did little to lessen the court's concern over the dangers that Marchant posed when at liberty. The sentences, being indeterminate and concurrent, adequately balance the goals of societal protection and individual rehabilitation. We conclude that the judge did not abuse his discretion in denying Marchant's Rule 35 motion.

The order of the district court is affirmed.

WALTERS, C.J., and BURNETT, J., concur.