773 P.2d 284

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dean LeRoy MORRIS,
Defendant–Appellant.**

**No. 17450.**

Court of Appeals of Idaho.

April 28, 1989.

Timothy L. Felton, Weiser, Idaho, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Judge Pro Tem.

Dean Morris appeals from his judgment of conviction entered after he was found guilty by a jury on one count of first-degree arson, one count of damage to insured property, and one count of providing false information to an insurance company. *We affirm.*

## I. THE FIRE

The evidence at Morris' trial disclosed the following events. In September 1986 Morris purchased a house in Council, Idaho. The house had been a Farm Home Administration repossession. In purchasing this house, Morris gave a mortgage of $31,000 to the FHA and obtained a second mortgage from the bank for $6,000. On a loan application to the bank, Morris listed

the value of his house as $41,000, the value of the inventory as $7,000, and the value of equipment as $10,000.

Morris obtained insurance for this house, as is required by the Farm Home Administration. The policy he purchased from Allstate Insurance Company was a residential policy, even though he moved the equipment for his upholstery business into the house. At the time he purchased his insurance policy his agent told him there would be no coverage for his upholstery equipment.

During the early morning hours of February 7, 1987, (less than five months after Morris had purchased the house), a fire partially destroyed the house. Morris was home, alone, the night of the fire. He stated that he was awakened by his fire alarm. He related that when he realized that his home was on fire, he escaped through a partially completed addition to the home and that, as an amputee, he did not have time to don his artificial leg, nor any clothing beyond the underwear he slept in, during his escape into sub-freezing weather. He crawled fifty feet to a neighbor's house and asked that the fire department be called.

The day before the fire Morris had completed moving the majority of his upholstery business equipment from the house. The day of the fire Morris contacted his insurance agent. Apparently Morris completed several different sworn statements over a period of several months. On the sworn statement dated April 13, 1987, where the claim form asked for "total insurance" Morris filled in $103,700. Where the form asked for "actual cash value of the property" Morris claimed $73,500. Where the form asked for "the whole loss and damage" Morris claimed $73,500. Where the form asked for the amount claimed on the policy he again insert the figure of $73,500.

On February 11, 1987, four days after the fire, a fire investigator called by the insurance company to investigate the cause of the fire determined that the fire was arson caused with two definite points of origin, and possibly a third. The arson investigator found evidence of the use of liquid accelerants at the fire's points of origin.

The investigation led to Mike Edwards, a friend and employee of Morris. Edwards disclosed that he and Morris had planned and arranged for the fire, but that it was Morris who actually started the house afire. Morris claims the confession of Edwards formed the bulk of the prosecution's case against him. For his testimony, Edwards received a relatively light sentence of some weeks in jail followed by probation.

During the trial the court made a number of evidentiary rulings limiting some of the testimony which the defense proposed. These rulings are contested by Morris on appeal. At the close of the trial proceedings, Morris made an oral motion for acquittal. The court reserved its ruling and later denied the motion, issuing a memorandum decision and order.

After a four-day trial, Morris was found guilty of three crimes: First Degree Arson (I.C. § 18–801), Damage to Insured Property (I.C. § 41–1326) and Providing False Information to an Insurance Company (I.C. § 41–1325). He was sentenced to a fixed two years followed by an indeterminate eight years on the first-degree arson charge, a fixed two years followed by an indeterminate three years on the damage to insured property count, and a fixed two years followed by an indeterminate three years on the count of providing false information to an insurance company, all to run concurrent.

After hearing and review of the record, we conclude that only the rulings with regard to the motion to acquit, and the sentence imposed are worthy of discussion. Morris' other claims of error, some of which were abandoned at oral argument, are without merit. Therefore, first we address whether the district judge properly exercised his discretion in denying the defense motion to acquit. We then look to whether the district judge abused his discretion and committed reversible error by pronouncing a sentence that were excessive and unreasonable when viewed under

the facts and circumstances of the case and the circumstances and background of the defendant.

## II. DENIAL OF MOTION TO ACQUIT

At the close of evidence at the trial, Morris moved for a judgment of acquittal, alleging that there was insufficient evidence to sustain a conviction. The judge took the motion under advisement, pending the jury's verdict. *See* I.C.R. 29(b). After the verdict, the judge denied the motion. On appeal, Morris argues that the testimony of the alleged accomplice, Mike Edwards, was not sufficiently corroborated by other evidence to show Morris was connected to the crimes.

The trial judge denied Morris' motion for acquittal by a Memorandum Decision and Order. In that order, the trial judge listed the factors that he believed corroborated Edwards' testimony and connected Morris to the fire:

Moving of almost all the uninsured equipment to Morris' old shop just before the fire; Morris' version of his discovery of the fire—in which he failed to call the fire department but instead went to a neighbor's house to do so; Morris' arrangement of an appointment prior to the fire to obtain a new artificial leg; Morris' leaving his wallet and checkbook in the pickup taken by Edwards; Morris' listing of the residence on his proof of loss at an inflated value; Morris' storing of important personal records at his new shop location; Morris' motivation for gain to obtain money for his tax and debt problems; [the insurance investigator's] expert testimony on the burn patterns to show two points of origin inside the house; at the bottom of the stairs and near the top of the stairs, both started by accelerant; Morris' access to and opportunity to have set fires in those areas; Morris had insured the residence and would gain substantially if his inflated proof of loss was paid.

■ When deciding a motion for acquittal, the test to be used by a trial court is whether the evidence is sufficient to sustain a conviction of the offenses charged.

*State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975) and *State v. Holder,* 100 Idaho 129, 594 P.2d 639 (1979). The test of sufficiency is whether there is substantial and competent evidence to support a conviction. *State v. Elisondo,* 103 Idaho 69, 644 P.2d 992 (Ct.App.1982). Section 19–2117, Idaho Code, provides:

A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.

This section was interpreted and applied in an arson case in *State v. Swenor,* 96 Idaho 327, 528 P.2d 671 (1974). The Court, quoting from *State v. Brown,* 53 Idaho 576, 26 P.2d 131 (1933), indicated what was acceptable corroborative evidence:

The law merely requires that there must be corroboration of the testimony of the accomplice before a conviction can be had. (Sec. 19–2017, Idaho Code Annotated.) Under said section corroborating testimony need only tend to connect the defendant with the crime. It may be slight. And it need only go to one material fact. And the corroboration may be entirely circumstantial. (Case citations omitted).

96 Idaho at 329, 528 P.2d 671. The court further stated:

Where the circumstances point to the guilt of the accused, independent of the accomplice's testimony, such circumstantial evidence may be a sufficient corroboration of the accomplice's testimony to sustain a conviction. It is not necessary that the testimony of an accomplice be corroborated in every detail. Any corroborative evidence legitimately tending to connect the defendant with the commission of a crime may be sufficient to warrant a conviction, although standing by itself it would not be sufficient proof of defendant's guilt.

96 Idaho at 329–330, 528 P.2d 671. The purpose of the corroboration rule is served when the corroborative evidence independently tends to link the defendant with commission of the crime. *State v. Pierce,* 107 Idaho 96, 685 P.2d 837 (Ct.App.1984).

■ A review of several of the corroborative factors cited by the trial judge shows that the evidence does independently connect the defendant with the commission of the crime:

1. Moving of almost all the uninsured equipment to Morris' old shop just before the fire;

2. Morris' version of his discovery of the fire—in which he failed to call the fire department but instead went to a neighbor's house to do so;

3. Morris' arrangement of an appointment prior to the fire to obtain a new artificial leg;

4. Morris' leaving his wallet and checkbook in the pickup taken by Edwards;

5. Morris' listing of the residence on his proof of loss at an inflated value;

6. Morgan's expert testimony on the burn patterns to show two points of origin inside the house, at the bottom of the stairs and near the top of the stairs, both started by accelerants;

7. Morris' access to and opportunity to have set fires in those areas; and

8. Morris had insured the residence and would gain substantially if his inflated proof of loss was paid.

In addition to the factors reiterated above, we note that Chip Morgan, a fire investigator, testified at trial that four-by-eight foot insulation sheets stacked on their sides outside a window appeared to have been damaged by someone "stepping on it or crawling on it, or it might have been another object that was set on there, but it looked like the tops were bent similar to that." This testimony also corroborates Edwards' testimony regarding an escape plan calling for the utilization of insulation as a kind of mattress to buffer Morris' egress from the burning building.

Morris' challenges, in some respects, to each of the points found by the district court in its memorandum decision does not persuade us that the district court erred in denying Morris' motion for acquittal. Corroborating testimony may be slight and need only go to one material fact; in addition, the testimony may be entirely circumstantial. *State v. Aragon,* 107 Idaho 358, 690 P.2d 293 (1984); *State v. Pierce,* 107 Idaho 96, 685 P.2d 837 (Ct.App.1984); *State v. Bassett,* 86 Idaho 277, 385 P.2d 246 (1963); *State v. McCandless,* 70 Idaho 468, 222 P.2d 156 (1950); *State v. Mundell,* 66 Idaho 339, 158 P.2d 799 (1945). The district court's denial of Morris' motion for acquittal is supported by the record and will be upheld.

### III. THE SENTENCES

As noted, the trial judge sentenced Morris to a minimum of two years, followed by an indeterminate sentence of eight years, for first degree arson. Morris was also given two concurrent sentences of a minimum of two years plus indeterminate sentences of three years for the other two charges. In light of current sentencing requirements, Morris would have to serve the first two years of his sentence in confinement without parole, absent meritorious conduct. I.C. § 19–2513; *State v. Amerson,* 113 Idaho 183, 742 P.2d 438 (Ct.App. 1987).

Morris argues that his sentences are excessive because he is a first offender who is older and has otherwise been only a benefit to any community he has inhabited. Morris also asserts that the trial court should have considered the factors delineated in Idaho Code § 19–2521 as sufficient to permit probation and that the court erred by not granting Morris' request for probation. Finally, since the trial judge found that Morris had an alcohol problem and a major depression disorder, Morris argues that the trial judge erred in not considering all of the factors required by Idaho Code § 19–2523 for the sentencing of a defendant whose mental condition is called into question by evidence properly before the court.

■ We are not persuaded by Morris' arguments. The record discloses that the court considered aggravating and mitigating circumstances, including Morris' mental condition, in reaching its conclusion not to grant probation. A sentencing court is not required to check off or recite each of the criteria of Idaho Code § 19–2521 for the benefit of a defendant. *State v. Burroughs,* 107 Idaho 195, 687 P.2d 585 (Ct. App.1984). The court's decision between imprisonment and probation is one of discretion. *State v. Hathaway,* 111 Idaho 844, 727 P.2d 1272 (Ct.App.1986). We find no abuse of the court's discretion in determining that a sentence of confinement was appropriate in this case.

■ With respect to the length of Morris' sentences, where a sentence is alleged to be excessive, we make an independent examination of the record, having regard to the nature of the offense, the character of the offender, and the protection of the public interest. We note initially that the ten-year sentence for arson, and the five-year sentences for damage to property and for falsifying an insurance claim were within the maximum statutory penalties. *See* I.C. §§ 18–801 (arson), 41–1326 (property damage) and 41–1325 (false claim). Where a sentence is statutorily authorized, we will not disturb it unless the sentence is unreasonable upon the particular facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

■ In evaluating the reasonableness of a sentence, we focus largely upon the probable duration of confinement. Generally, where a unified sentence has been imposed under I.C. § 19–2513 (effective February 1, 1987), the minimum period of confinement specified in the judgment will be treated as the probable measure of confinement for the purpose of appellate review. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989).

> By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time.

*Id.* at 777, 769 P.2d at 1149 (emphasis original). Thus, the question in this case is whether the concurrent two-year minimum terms of confinement prescribed in the judgment are reasonable. Our review of that question is further guided by *Sanchez.* There, we commented on the continuing utility of the sentence review criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Those criteria are the protection of society, general deterrence, retribution and rehabilitation. As we noted in *Sanchez:*

> To the extent that a minimum period of confinement represents the judicially determined "price" of a crime, the criteria of retribution and deterrence are particularly important. Conversely, insofar as the minimum period establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole, the factors of rehabilitation and protection of society are applicable.

*Id.* at 777–78, 769 P.2d at 1149–50.

■ Here, the district judge considered two previous decisions of this court in arson cases, *State v. Stansbury,* 108 Idaho 652, 701 P.2d 272 (Ct.App.1985) and *State v. Knight,* 106 Idaho 496, 681 P.2d 6 (Ct. App.1984), in which the *Toohill* criteria— including punishment and the deterrent effect of sentences—were applied. We have noted that general deterrence is a sufficient basis for the imposition of a period of incarceration. *State v. Allison,* 112 Idaho 572, 733 P.2d 793 (Ct.App.1987), citing *State v. Adams,* 99 Idaho 75, 577 P.2d 1123 (1978). Here we cannot say that the two-year period of confinement is unreasonable for the purpose of punishing and deterring Morris and deterring others. We conclude the district court did not abuse its sentencing discretion.

The judgment of conviction, including the sentences imposed, is affirmed.

WALTERS, C.J., and WINMILL, J. Pro Tem., concur.