813 P.2d 915

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**James Richard REEVES,
Defendant–Appellant.**

**No. 18797.**

Court of Appeals of Idaho.

June 28, 1991.

---

Alan E. Trimming, Ada County Public Defender and Timothy L. Hansen, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen. and James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

James Reeves pled guilty to three counts of grand theft, I.C. §§ 18–2403(1) and 18–2407(1), and to one count of forgery, I.C. § 18–3601. In exchange for Reeves' plea of guilty, the state agreed to dismiss four other charges of petit theft and one charge of grand theft. On March 12, 1990, the district court filed three separate judgments imposing four unified sentences of five years each in the custody of the Board of Correction with a minimum period of confinement of one year. All four sentences were to be served concurrently. On May 16, 1990, Reeves filed a motion under Idaho Criminal Rule 35 for reduction of his sentences. The district court denied Reeves' motion without a hearing. Reeves appeals from the denial of his Rule 35 motion.

On appeal, Reeves argues that he has already spent one-fifth of his minimum period of incarceration in the Ada County jail under extremely restrictive conditions; he contends that this is sufficient punishment and that he should be released and allowed to rejoin society as a productive, working member. He also asserts that he has a good job waiting for him and that his family needs him because his wife is pregnant with her third child. As an additional reason to reduce his sentences, Reeves argues that the district court did not properly consider his drug rehabilitation efforts.

The district court had before it the presentence investigation report which included the pre-sentence investigator's opinion that Reeves was not a good candidate for probation. The report stated that Reeves had been placed on probation for a prior felony and later had violated his probation.[1] The report indicated that Reeves is a highly manipulative man, that he is financially

1. In August, 1984, Reeves was sentenced in Ada County District Court to three years imprisonment for possession of a controlled substance. The court retained jurisdiction for 120 days, and then admitted Reeves to probation. Reeves violated his probation in March, 1985, and was sentenced to serve 60 days in jail. The court reinstated his probation in June, 1985. His probation was revoked a second time in December, 1985 and he was remanded to the custody of the Board of Correction in January, 1986. He was paroled on April 23, 1987.

dependent on others, and that he does not respond well either to probation or parole.

During the sentencing hearing, the court noted that several other counts of theft had been dismissed and that there was a warrant for Reeves' arrest in Boise County for contempt of court proceedings. It is apparent from the transcript of the hearing that the court was aware of the fact that Reeves' wife was pregnant at the time of sentencing and that Reeves had a job waiting for him if he were to be placed on probation. The court was also aware that Reeves had completed an alcohol rehabilitation program. Having considered Reeves' record, his prior probation violation, and the numerous charges against him, the court imposed the four concurrent five-year sentences with one-year minimum periods of confinement. The court specifically noted that one of its goals in sentencing was to protect society from Reeves. The court also noted that there was little expectation that Reeves would successfully complete a term of probation.

We have reviewed Reeves' motion for reduction of his sentences. Rule 35 allows for the correction of an illegal sentence at any time and the reduction of a sentence within 120 days of its imposition. Reeves does not contend that his sentences were illegally imposed.

▮ A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The reasonableness of the sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The transcript of the sentencing hearing reflects the district court's proper consideration of these factors.

▮ The decision whether to reduce a sentence rests within the sound discretion of the trial court. *State v. Arambula,* 97 Idaho 627, 630, 550 P.2d 130, 133 (1976);

*State v. Swan,* 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct.App.1988). A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the court; such a motion is essentially a plea for leniency, which may be granted if the sentence imposed was unduly severe. *State v. Forde,* 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987).

▮ In determining whether the district court abused its discretion in denying a Rule 35 motion, this court applies the same criteria used for reviewing the reasonableness of the original sentence. *State v. Clayton,* 112 Idaho 1110, 739 P.2d 409 (Ct.App.1987). The burden of showing that the original sentence was unduly severe is upon the moving party. *State v. Wright,* 114 Idaho 451, 453, 757 P.2d 714, 716 (Ct.App.1988). If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If the defendant fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion. *State v. Forde,* 113 Idaho at 22, 740 P.2d at 64. Here, Reeves has presented no convincing evidence that his sentences were excessive when pronounced, and no new evidence supporting his contention regarding excessiveness. Having reviewed the record, we see no abuse of discretion in the district court's denial of Reeves' motion.

For the reasons stated above, we affirm the order denying Reeves' motion for a reduction of his sentences.