821 P.2d 1010

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Donald E. KING, Defendant–Appellant.**

No. 18403.

Court of Appeals of Idaho.

Dec. 4, 1991.

Stevan H. Thompson, Idaho Falls, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Donald King admitted to forcing a girl's car off the road on January 22, 1989, threatening her and stabbing her several times in the back before she freed herself from him. As a result of this conduct, King was charged with aggravated battery, DUI and attempted kidnapping, but he later pled guilty to an amended information charging him with aggravated battery with an enhancement for the use of a weapon. I.C. §§ 18–903(a), –907(a). The other charges were dropped pursuant to a plea agreement.

The district court sentenced King to the maximum fifteen year term, with a minimum of ten years' incarceration on the aggravated battery charge. As a result of a fifteen year enhancement for the use of a weapon in the commission of the crime, King was ultimately sentenced to thirty years, with ten years fixed. King appeals, contending that his sentence is excessive in light of his mental condition and does not reflect due consideration of his condition as required by I.C. § 19–2523. King also filed an I.C.R. 35 motion for reduction of his sentence. The district judge who heard that motion reduced only the indeterminate portion of his sentence, and King has also appealed that order.

From the time of his arrest on the night of the incident, King's mental condition and his state of mind were in question. He denied that he knew the sixteen-year old girl whom he attacked in what he termed a blackout induced by alcohol. According to King, he had been drinking all day long after learning that his wife was leaving him, and he had virtually no recollection of his encounter with the victim. He became aware that something was wrong only when he saw a girl running down the road away from his car screaming.

The entry of King's plea was preceded by defense counsel's request that King undergo a psychiatric evaluation to determine whether he was mentally competent to participate and assist in his own defense. The court agreed that Dr. David Groberg, a licensed psychologist, be appointed as an expert to assist the defense. King was examined by Dr. Groberg in February, 1989, and in March, 1989, he met on several occasions with David Doten, mental health consultant for the Bonneville County Sheriff's Department. In April, 1989, the court granted a defense motion for King to receive immediate inpatient treatment. King was admitted to the secure mental facility at the penitentiary in Boise (hereinafter ISCI), where he remained until the date of the hearing when he pled guilty to the amended information.

On appeal, King contends that the district judge abused his discretion in imposing a ten year fixed term on a unified sentence of thirty years without stating the reasons for the length of the sentence. King specifically argues that the sentence is excessive and reflects that the court failed to give due weight to the defendant's mental condition as a sentencing factor. King further argues that because the prognosis for improvement of his mental condi-

tion and rehabilitation is good, the need for long-term incarceration is alleviated.

■ In a sentence review, the appellate court will not disturb a sentence that is within statutory limits absent a clear abuse of discretion. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). King received fifteen years on the aggravated battery charge, which is the maximum penalty defined in I.C. § 18–908, plus an additional fifteen years pursuant to I.C. § 19–2520 for the use of a weapon in committing the crime.

■ King contends that the district judge erred by failing to state reasons for the ten year minimum term imposed. In the transcript of the sentencing hearing, there is a recitation by the judge of the factors in mitigation, such as the defendant's age, lack of prior violent crimes, his admission of the offense and his remorse. The judge also enumerated the factors in aggravation which he weighed in his sentencing decision, such as the random nature of the attack, the young age of the victim, the harm caused, the continuing suffering of the victim, and King's history of substance abuse and past criminal conduct. In fact, the judge noted that, at the time of this incident, King was on parole from Wyoming. King's contention, therefore, is not entirely accurate. Furthermore, the judge's stated reasons for imposition of a particular sentence are not required, though welcomed and encouraged. *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983); *State v. Mason,* 107 Idaho 904, 693 P.2d 1106 (Ct.App.1984).

■ King asserts that his sentence is excessive in light of his mental condition. On a claim of excessiveness in a sentence imposed under the Unified Sentencing Act

(I.C. § 19–2513), we generally treat the minimum stated period as the probable measure of confinement. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989). The minimum period of confinement—in this case ten years—may represent an abuse of discretion if it is shown to be unreasonable in light of the facts of a particular case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). Where a sentence is alleged to be excessive, the reviewing court examines the record independently, having regard for the nature of the offense, the character of the offender and the protection of the public. *State v. Morris,* 116 Idaho 16, 773 P.2d 284 (Ct.App.1989).

■ Where there was reason to believe that King's mental condition would be a significant factor in sentencing, the court was required to obtain a report of a psychiatric professional. I.C. § 19–2523. At the request of counsel for King, the court appointed Dr. Groberg and, based upon his report, dated February 10, 1989, the court later ordered King committed to ISCI in Boise for evaluation and treatment. *See* I.C. §§ 18–210, –211(5).[1] Upon the acceptance of King's plea on August 1, 1989, the court ordered a presentence report, but not another psychological evaluation because of the recent date of Dr. Groberg's evaluation. Rather, the district judge advised defense counsel to have Dr. Groberg's report included in the presentence information.

■ At sentencing, the district judge, who was not the same judge who had accepted King's plea, considered Dr. Groberg's opinion that King was mentally ill and experiencing severe depression and anxiety. In the report were the doctor's conclusions that King was a potential dan-

---

1. Idaho Code § 18–210 states:
No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted, sentenced or punished for the commission of an offense so long as such incapacity endures. Idaho Code § 18–211(5) states:
(5) Upon completion of the examination a report shall be submitted to the court and shall include the following:

(a) a description of the nature of the examination;
(b) a diagnosis or evaluation of the mental condition of the defendant;
(c) an opinion as to the defendant's capacity to understand the proceedings against him and to assist in his own defense;
(d) when directed by the court, an opinion as to the capacity of the defendant to form mens rea or a particular state of mind which is an element of the offense charged.

ger to himself and to the public; the doctor recommended treatment for King's chemical dependency and his emotional problems. The judge also considered the presentence investigator's conclusions that were in agreement with those of Dr. Groberg. The presentence investigator recommended that King be incarcerated at a secure medical facility. Finally, the court heard testimony from David Doten, the jail psychologist, that King would likely re-offend and that he should be incarcerated and receive long-term psychotherapy, which would be best provided at State Hospital South in Blackfoot.

It cannot be said that the district judge, in fixing the length of the sentence, gave insufficient consideration to King's mental condition. It should also be noted that the sentencing judge authorized that King be treated at a state mental facility during any period of incarceration. Such treatment for a mental condition has been viewed as a legislature-endorsed means of rehabilitation. *State v. McDougall,* 113 Idaho 900, 905, 749 P.2d 1025, 1030 (Ct. App.1988). Before announcing the sentence, the judge also commented on the effect of King's imprisonment on the victim, her family and the general public, giving sufficient consideration to the criteria of retribution and the protection of society. *See State v. Burroughs,* 107 Idaho 195, 687 P.2d 585 (Ct.App.1984).

■ By ordering a term of incarceration, the district judge did not ignore King's potential for rehabilitation through treatment of his emotional and psychological problems and management of his substance abuse. Diminished capacity to act rationally is relevant to the determination of sentence; however, it does not excuse the crime. *See* I.C. § 18–207; *State v. McDougall, supra* 113 Idaho at 905, 749 P.2d at 1030. We disagree with King that he was only incarcerated because of his dangerous mental condition. We hold that the district court had a sufficient basis to impose a sentence of imprisonment.

■ King also makes two arguments concerning the contents of the presentence investigation report, contending that he was prejudiced at sentencing as a result thereof. First, King insists that the district court erred by proceeding with sentencing without the report from the secure mental facility at ISCI where he was treated from April to July, 1989. King's second argument is that the court failed to strike a portion of the presentence report which did not comply with I.C.R. 32(b).

In *State v. Pearson,* 108 Idaho 889, 892, 702 P.2d 927, 930 (Ct.App.1985), this Court restated that a psychological evaluation is not a mandatory part of every presentence report, but when conducted, should aid the court in the exercise of its sentencing discretion. King's evaluation, although it had been requested by King's counsel to determine whether King could aid in his own defense, addressed the factors outlined in I.C. § 19–2523 [2] and was submitted as part of the presentence report. The presentence report also indicates that the records from ISCI had been requested but not received.

Again, the transcript of the sentencing hearing reveals that the court questioned defense counsel about the absence of the ISCI report and concluded that King's treatment at ISCI was in the nature of an I.C. §§ 18–211, –212 evaluation to aid him in preparing for trial. In response to the court's questions, defense counsel advised

---

2. Idaho Code § 19–2523 states:

(1) Evidence of mental condition shall be received, if offered, at the time of sentencing of any person convicted of a crime. In determining the sentence to be imposed in addition to other criteria provided by law, if the defendant's mental condition is a significant factor, the court shall consider such factors as:

(a) The extent to which the defendant is mentally ill;

(b) The degree of illness or defect and level of functional impairment;

(c) The prognosis for improvement or rehabilitation;

(d) The availability of treatment and level of care required;

(e) Any risk of danger which the defendant may create for the public, if at large, or the absence of such risk;

(f) The capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law at the time of the offense charged.

that the treatment at ISCI had not been successful, and he argued that incarceration at the penitentiary would be of little help in rehabilitating King. Although the report from the treating psychologists at ISCI were not available at sentencing, the court had the benefit of evaluations from Dr. Groberg and from David Doten, the jail psychologist, as well as a recommendation from the presentence investigator. We hold that the district court acted within its discretionary powers by sentencing King without further psychological information.

King contends that the district court erred in not striking from the presentence report a statement that appears under the heading, "Victim's Statement," which reads as follows:

> From the experience I have gained as a co-facilitator of a victim's group, often the victim has problems dealing with what has happened years later. It is possible that she will need professional help in the future.

King argues that the statement is not from the victim, but is speculation on the part of the presentence investigator. He claims that this speculation was prejudicial to him and should have been excised. Therefore, because the presentence report contains a statement that is not required by I.C.R. 32, the report does not comply with the rule.

This alleged problem with the presentence report was never objected to at the time of sentencing. Accordingly, King cites *Toohill* as authority for this Court to review a claim of noncompliance with presentence procedures set forth in Rule 32, regardless of the fact that the noncompliance is raised for the first time on appeal. However, we read *Toohill* to allow review of an issue initially raised on appeal only in a case where the requirements of Rule 32 have been disregarded. *Toohill* provides no support for King's contention that information beyond the requirements of the rule mandates reversal by an appellate court when the issue was not raised below. *See Svenson v. State*, 110 Idaho 161, 715 P.2d 374 (Ct.App.1986); *State v. Terris*, 106 Idaho 927, 684 P.2d 329 (Ct.App.1984).

The final issue raised by King with regard to his original sentence is that his sentence was disproportionate when compared to the sentences imposed for similar offenses committed by persons with a prior record resembling King's criminal history. However, because of Idaho's individualized sentencing scheme, the district court has wide discretion in tailoring a sentence. Sentences cannot be deemed disparate upon simplistic comparisons of results. *State v. Lopez*, 106 Idaho 447, 449, 680 P.2d 869, 971 (Ct.App.1984). Neither is there a requirement under the Constitution "which imposes a mandate upon the [sentencing] Court to render uniform sentences against criminal defendants." *Id., citing State v. Seifart*, 100 Idaho 321, 324, 597 P.2d 44, 47 (1979). Only in capital cases must the reviewing court consider whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant. I.C. § 19–2827(c)(3). Therefore, we are left to construe King's disproportionality argument only as it relates to his claim that his sentence was excessive. We conclude that the sentence imposed was not excessive or outside of the bounds of the district court's discretion.

King has also appealed from the decision on his Rule 35 motion and raises the same arguments made in his appeal of the original sentence. Although King neglects to state in his brief that the district court granted him relief by reducing the enhancement portion of his sentence from fifteen years to six years, he asserts that the court abused its discretion in failing to give due consideration to King's mental condition and severely intoxicated state during the commission of the crime. Accordingly, King argues that his mental condition and alcohol-induced stupor precluded him from having any specific intent to commit the acts in question. The relief sought by the Rule 35 motion was a reduced minimum term, the effect of which would be to give King an incentive to follow through with treatment during his incarceration.

A motion for reduction of sentence which is within statutory limits is

essentially a plea for leniency and is addressed to the sound discretion of the district court. I.C.R. 35; *State v. Marchant,* 115 Idaho 403, 766 P.2d 1284 (Ct.App.1989). An abuse of discretion may be shown when the court refuses the requested reduction if the sentence is shown to be unreasonable upon the facts of the case. *State v. Wright,* 114 Idaho 451, 757 P.2d 714 (Ct. App.1988). The same criteria applied in determining whether the original sentence was excessive is to be applied in the evaluation required upon a Rule 35 motion. *State v. Buzzard,* 114 Idaho 384, 757 P.2d 247 (Ct.App.1988).

A hearing was held on the Rule 35 motion, at which time David Doten, Bonneville County jail psychologist, testified that King had shown positive results from a prescribed drug, sinequan, which had been administered to him since his stay at ISCI. Doten stated that King was better able to relate to staff and others so that he might become involved in treatment. The prognosis, however, was that King would remain potentially explosive because he was still a very angry man. In Doten's opinion, long-term inpatient treatment in a closed secure setting would be necessary.

The Rule 35 hearing was conducted by District Judge H. Reynold George, who agreed with the sentencing judge's conclusion that King needed treatment. Judge George also followed the sentencing judge's recommendation that King would be a good candidate for admission to State Hospital South, and he indicated this in his order. However, the ultimate decision to admit King to treatment rests with the Board of Correction.

In considering the Rule 35 motion, the judge was faced with King's contentions that he was sincerely motivated to receive treatment for his underlying mental problems and that the present episode was King's only violent crime. The judge also had to consider that King inflicted life-threatening wounds with a deadly weapon in an unprovoked attack upon a random victim while King was on parole for another felony. It is clear that King needs professional treatment, and both he and socie-ty will benefit if successful treatment can be provided by the state. It is equally clear that King's explosive potential for harm and the uncertainty of short term treatment would make the protection of society a matter of primary concern to the sentencing court. Reviewing the whole record and all applicable sentencing criteria, we cannot say that the district court abused its discretion in refusing to reduce the fixed portion of the sentence. The sentence, as modified, is not unreasonable. Accordingly, we affirm the judgment of conviction and the order modifying the sentence under I.C.R. 35.

WALTERS, C.J., and SILAK, J., concur.