14 P.3d 1083

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Karlene M. NEWSOM, Defendant–Appellant.**

**No. 25596.**

Court of Appeals of Idaho.

Dec. 5, 2000.

90

Greg S. Silvey, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Karlene M. Newsom appeals from the sentence entered upon her conviction of felony injury to child.

Carmalita Shaw asked her former brother-in-law, Joe Newman, if he would take care of her three children while she was incarcerated

for one month in the Bannock County Jail. At the time, Newsom and her children lived with Newman. While in the care of Newman and Newsom, eight-month-old Miranda Shaw was killed by blunt force injuries to her head, neck, thorax, and back. Both Newman and Newsom were charged with committing felony injury to a child, I.C. § 18–1501(1), for having willfully caused or permitted Miranda's injuries. Pursuant to a plea agreement, Newsom pleaded guilty. The court accepted the plea and imposed a unified sentence of ten years with a five-year minimum term. On appeal, Newsom contends that the district court erred by considering evidence outside the record in deciding upon Newsom's sentence and that the sentence is excessive.

## A. Consideration of Evidence Not in the Record

Newsom first argues that the district court abused its discretion by taking notice of evidence outside the record. Prior to accepting Newsom's guilty plea, the court informed her of the court's intent to rely on evidence presented in Joe Newman's trial when deciding what sentence to impose on Newsom.[1] Newsom did not object to this expression of the court's intent. At the sentencing hearing, the court twice stated that the evidence in Newman's trial showed that Miranda's death was caused by the acts of one or both of the adults in that household. Newsom's counsel stated that he and Newsom "were fully aware of that testimony." At no time did Newsom ever object to the court's reliance on evidence from the Newman trial.

As a general rule, issues raised for the first time on appeal are not considered. *State v. Toohill,* 103 Idaho 565, 566, 650 P.2d 707, 708 (Ct.App.1982). The failure to object to reliance on improper or inadmissible information in sentencing has generally been held to be a waiver of the issue on appeal. For example, the failure to object at the trial level to alleged deficiencies in a presentence investigation report precludes a claim on appeal that the deficiencies are reversible er-

---

1. The same judge presided over Newman's trial.

ror. *Id.; State v. Wallace,* 98 Idaho 318, 320, 563 P.2d 42, 44 (1977); *State v. Nez,* 130 Idaho 950, 956, 950 P.2d 1289, 1295 (Ct.App. 1997). Likewise, the failure to object to speculative statements in a presentence investigation report prevents consideration of the issue on appeal. *State v. King,* 120 Idaho 955, 960, 821 P.2d 1010, 1015 (Ct.App.1991). This Court has also held that the failure to object to testimony given in a sentencing hearing waives the issue on appeal. *State v. Rodriguez,* 132 Idaho 261, 264–65, 971 P.2d 327, 330–31 (Ct.App.1998).

There are only a few exceptions to the waiver rule. *See, e.g., State v. Pizzuto,* 119 Idaho 742, 760, 810 P.2d 680, 698 (1991) (exception to waiver rule in all death penalty cases mandated by I.C. § 19–2827), *overruled on other grounds, State v. Card,* 121 Idaho 425, 825 P.2d 1081 (1991); *State v. Viehweg,* 127 Idaho 87, 91, 896 P.2d 995, 999 (Ct.App.1995) (exception to waiver rule if a manifest disregard for the requirements of I.C.R. 32 is shown). This Court has also reviewed a challenge to the sufficiency of a presentence investigation report that was not objected to at trial when the failure to object was the basis of a claim of ineffective assistance of counsel. *State v. Aspeytia,* 130 Idaho 12, 19, 936 P.2d 210, 217 (Ct.App.1997).

For purposes of the present case, the most important exception is that articulated in *State v. Morgan,* 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct.App.1985), where the Court held that a trial court's manifest disregard of certain procedural safeguards mandated by the Idaho Supreme Court in *State v. Moore,* 93 Idaho 14, 454 P.2d 51 (1969), could be examined on appeal despite the lack of an objection below. Those safeguards are:

> (1) The defendant must be afforded a "full opportunity" to present favorable evidence. (2) He must be given a "reasonable opportunity" to examine all materials contained in the presentence report. (3) He must be afforded a "full opportunity" to explain and rebut adverse evidence.

*Id.* (quoting *Moore,* 93 Idaho at 17, 454 P.2d at 54). Newsom's claim of error implicates the third requirement—a full opportunity to explain and rebut adverse evidence.

■ We conclude, however, that this case is distinguishable from *Morgan.* In *Morgan,* the sentencing court considered an oral statement from an unidentified source to conclude that the defendant had violated a condition of his bond. The court relied on that alleged violation to decide that Morgan should not be placed on probation. Neither the State nor the defendant had been notified of the existence of the statement or the alleged violation prior to the sentencing hearing. Furthermore, the sentencing court in *Morgan* waited until after each side had presented evidence and argument before mentioning the alleged bond violation. Here, by contrast, Newsom was notified of the court's intent to rely on the State's evidence in the Newman trial more than a month before her sentencing hearing. Then at the sentencing hearing, the court twice interrupted arguments of defense counsel and the prosecutor and mentioned its intent to rely on facts disclosed in Newman's trial as they might be pertinent to Newsom's sentence. Thus, Newsom had *three* opportunities before the court began imposing sentence to object to the court's reliance on evidence outside the record. Instead, Newsom's attorney told the court at the sentencing hearing that he and Newsom were "fully aware of that testimony." Thus, it is clear that Newsom had notice of the evidence that would be relied upon. It is also apparent that, unlike the defendant in *Morgan,* Newsom had a full opportunity to explain and rebut that evidence. Consequently, although the district court's reliance on information outside the record may have been improper, the procedure used here did not rise to the level of a deprivation of due process that would call for examination on appeal despite the lack of an objection below. Additionally, in *Morgan,* the defendant raised the issue of consideration of improper evidence in the district court after sentencing by way of a motion under Idaho Criminal Rule 35. Newsom took no similar action here to present to the district court her claim that improper information was considered in her sentencing. Consequently, we hold that Newsom has waived the issue of whether the district court erred by relying on evidence from the Newman trial.

■ Our unwillingness to address this issue because it was not preserved by a timely

objection should not be interpreted as an approval of the procedure used here. Ordinarily, any information relied upon by the trial court in sentencing a defendant should be made part of the record both to ensure that the defendant has a full opportunity to respond to the evidence and to permit effective appellate review. That could have been accomplished in this case by introduction of a transcript of the Newman trial as an exhibit in Newsom's case, with the defense being given an adequate opportunity to examine the transcript in advance of the sentencing hearing. By the same token, however, with the district court having indicated that it was relying upon the Newman trial testimony in sentencing Newsom, Newsom could have requested augmentation of the appellate record in this case with the transcript from the Newman trial. With neither of those actions having been taken, this Court is left to conduct an appellate review without all of the evidence relied upon by the sentencing court.

## B. Reasonableness of the Sentence

■ Newsom next argues that the sentence is excessive under the circumstances of the case. She points to the fact that this is her first criminal offense; she previously had committed only traffic infractions. She also claims not to have taken affirmative acts that caused injury to Miranda—she admitted guilt on the theory that she had a duty to Miranda which she failed to live up to.

■ When a sentence is imposed within the maximum permitted for the offense, we review the sentence for an abuse of discretion, treating the minimum term specified by the sentencing judge as the probable duration of confinement. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978); *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). If the sentence is not illegal, the appellant has the burden to show that it was unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be "excessive under any reasonable view of the facts." *State v. Gomez,* 127 Idaho 327, 330, 900 P.2d 803, 806 (Ct.App.1995) (quoting *State v.*

*Charboneau,* 124 Idaho 497, 500, 861 P.2d 67, 70 (1993)). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related · goals of deterrence, rehabilitation or retribution applicable to a given case." *Toohill,* at 568, 650 P.2d at 710.

We disagree with Newsom's assertion that her disclaimer of responsibility for physically inflicting injury, and the State's failure to prove that Newsom personally injured Miranda, makes her sentence excessive. From the limited record before us, we discern that according to Newsom's own admissions she left an eight-month-old infant, who had been committed to her care, in a home without adult supervision and with only other children present, for a period from 9 a.m. until 1 a.m. the next morning. During this time, Newsom apparently gave no attention to whether the baby was being adequately cared for or how she was being treated. If Newsom does not know how Miranda was injured, it is because she thoroughly abrogated her responsibility to care for and protect the baby.

■ Newsom argues that incarceration is unnecessary to protect society from the danger that she will abuse another child because this objective could be achieved with properly structured terms of probation. Newsom's argument does not address the multiple goals of sentencing. A sentence need not serve all the goals of sentencing but may serve any one of them. *State v. Warnell,* 124 Idaho 729, 733, 864 P.2d 175, 179 (Ct.App.1993). The goals of retribution and deterrence, by themselves, may be sufficient to justify a sentence. *Id.* Further, the goal of deterrence includes deterrence of others who may be inclined to commit the same crime. Thus, even if Newsom is correct in her assertion that societal protection could be accomplished without her incarceration, that does not demonstrate that the failure to put her on probation was an abuse of discretion.

■ The issue presented to this Court is not whether the sentence is one that we

would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. If reasonable minds might differ as to whether the sentence is excessive, this Court is not free to substitute its view for that of the trial court. *Toohill,* 103 Idaho at 568, 650 P.2d at 710. Given the nature of this crime and its tragic consequences, we cannot say that the district court abused it discretion.

Newsom's judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN concur.