676 P.2d 720

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Clyde D. BREWSTER,
Defendant-Appellant.**

No. 15042.

Supreme Court of Idaho.

Feb. 15, 1984.

Randall Schulthies, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

The defendant appeals the length of his sentence and also asserts that the trial court did not make an adequate statement of the reasons for imposing the sentence.

The defendant pleaded guilty to eight counts of drawing checks with insufficient funds and one count of grand theft. The trial court sentenced the defendant to a three-year indeterminate term of imprisonment for each of the eight counts of drawing checks with insufficient funds. These eight three-year terms were to run concurrently. The trial court also sentenced the defendant to one seven-year indeterminate term of imprisonment on the grand theft conviction to run consecutive to the other terms.

The record reflects that all eight checks written with insufficient funds were within a one-month period. The bad checks ranged in amounts from $90 to $120, and seven of them were written to the same grocery store. The defendant had a prior criminal record and was in fact out on bond when the grand theft occurred. The trial judge stated at the time of sentencing:

"In light of your prior record, particularly, I do not feel I have any choice but to impose a penitentiary sentence. You've been given opportunities that would be available to the court at this time if you had not been before the court before.

. . . .

"With respect to the grand theft charge, I'm going to impose a term of seven years in the state penitentiary. That, also, will be indeterminate, but that will run consecutive to the term relating to the bad check charges. That, Mr. Brewster, is primarily because of the circumstances under which that theft took place and the fact that you were out on bond at the time. And I feel that it would not be appropriate to have a concurrent term on the grand theft charge to the other charges."

On this record we do not feel that the trial court abused its discretion by imposing the sentences described above.

The defendant argues that the trial court did not give adequate reasons for the sentence imposed. We reiterate "that while the setting forth of reasons for the imposition of a particular sentence would be helpful, and is encouraged, it is not mandatory." *State v. Osborn,* 104 Idaho 809, 810, 663 P.2d 1111, 1112 (1983). We have reviewed the transcript of the sentencing hearing and conclude that the trial court did not err in the sentences imposed.

Affirmed.

DONALDSON, C.J., and SHEPARD and HUNTLEY, JJ., concur.

BISTLINE, J., concurs in the result.

BISTLINE, Justice, concurring in the affirmance.

The Court's opinion notes that eight N.S.F. checks were drawn within one month. Obviously the defendant was on a check-writing spree, and a guilty plea to any one of those counts could have netted him a three-year term. Hence, there was no necessity to overcharge with eight counts.[1] However, the district judge recognized this, and compassionately caused all eight sentences to run concurrently.

The grand theft charge was based upon defendant's March appropriation of a thirteen-inch color television set worth over $150—the record not showing whether he kept it for his family or sold it.

Defendant's court-appointed counsel candidly laid the defendant's history before the court,[2] from which it cannot be said that the court was not fully informed when he expressed the basis for his sentencing as set forth in the Court's opinion.

The trial court makes it reasonably clear, to me at least, that the defendant's stint at Cottonwood had not helped him, and something more drastic was in order. While perhaps a total sentence of five years might have served the purpose as well as a total sentence of ten years, the trial court yet has the opportunity to have the defendant come before it on a Rule 35 procedure. At that time, and depending on how defendant has conducted himself in the past ten months, the trial court can consider what may best serve the defendant and society. This necessarily involves the concerns recently expressed by Mr. Al Murphy, Director of Corrections, as to an overcrowded prison and non-violent crimes.

---

1. The appeal record discloses that the prosecutor contemporaneously dismissed a separate felony action based on seven other separate counts of bad checks.

2. "In addition, I've discussed with Mr. Brewster the statutory interpretation of presentence; and, in all likelihood, by waiving the presentence, incarceration either at the Bannock County Jail or at the Idaho State Penitentiary would likely occur.

"Mr. Brewster is married, the father of three children. At the time of this offense—these offenses occurred, he was unemployed. He has previously been to Cottonwood on a retained jurisdiction; was brought back before the Court and placed on probation. And, as was discussed today, a probation violation, in addition to the one filed, the bad checks, is to be dismissed in consideration for his plea. The charge that he went to Cottonwood on was a possession of controlled substances.

"Mr. Brewster, I think his record will indicate that he's had a difficult time conforming his conduct to the law. But his offenses have not been violent. His offenses have been theft-type offenses, which, as the legislature has indicated, are still serious offenses.

"I would request that the Court consider some type of indeterminate sentence on both of the files, and also to run those concurrently with the possibility of Mr. Brewster being incarcerated in the Bannock County Jail with a work release program, if the Court determines that appropriate; and, if not, what I'd indicated.

"Mr. Brewster is concerned about his family and what is going to happen to his wife and his children while he's in the penitentiary. And I think, with an indeterminate sentence, and, hopefully, not a lengthy sentence, he will have some incentive to rehabilitate himself and provide the father role that he should have in a more appropriate manner provided prior to the commission of these offenses." Tr., pp. 12–13.

While it is important to deter crime of all kinds, it is extremely important to make room for the violent and dangerous offenders.

As a final note, the Court of Appeals may well wonder how, under the screening processes of this Court, this case was not transferred to it.[3] *See State v. Osborn,* 104 Idaho 809, 811, 663 P.2d 1111, 1115 (1983) (Bistline, J., concurring and dissenting). I continue to believe that this Court should not place itself in the position of dictating to the Court of Appeals the type of record which that court desires to have in order to fulfill what it perceives to be its proper function in sentence review. The record here adequately showed the district court's concerns and its reasoning; hence, I do not join an opinion which gratuitously suggests, from the *Osborn* plurality opinion that a setting forth of a district court's sentencing rationale "is not mandatory."

---

3. Obviously, this case could have been handled by that court as summarily as has been done here. By contrast, *see Fouche v. Chrysler Motors,* 103 Idaho 249, 646 P.2d 1020 (1982).