829 P.2d 1372

STATE of Idaho, Plaintiff–Respondent,

v.

Brian Jonathan SANDS, Defendant–Appellant.

No. 19099.

Court of Appeals of Idaho.

April 28, 1992.

Blaser, Sorensen & Hansen, Blackfoot, for defendant-appellant. Scott H. Hansen, argued.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent. Michael A. Henderson, argued.

SILAK, Judge.

Brian Sands pled guilty to second degree burglary, I.C. §§ 18–1401, 1402, and 1404, and received a fixed sentence of two years followed by an indeterminate term of three years. Sands timely appealed his judgment of conviction and sentence and also filed an I.C.R. 35 motion for reduction of sentence. After his Rule 35 motion was denied by the district court, Sands continued his appeal, alleging that his guilty plea was entered unknowingly and without effective assistance of counsel, and that the district court abused its discretion in denying his motion for reduction of sentence. For the reasons set forth below, we affirm.

The facts underlying this case may be stated briefly. On August 7, 1990, Sands and a companion broke into a residence in Blackfoot, Idaho, stole several items, and left in the homeowner's truck. Sands was later arrested and charged with second degree burglary and grand theft. On October 29, 1990, pursuant to a plea agreement, Sands entered a plea of guilty to second degree burglary and the state dismissed the charge of grand theft. A presentence investigation was ordered, and on December 3, 1990, a sentencing hearing was held. At the conclusion of the hearing, the district court sentenced Sands to a fixed term of two years in the custody of the Board of Correction, followed by an indeterminate term of three years.

On January 14, 1991, Sands appealed his conviction and sentence. The next day, January 15, Sands filed a Rule 35 motion for reduction of sentence. As grounds supporting his Rule 35 motion, Sands argued that because of his counsel's deficient representation he had misunderstood the terms of the plea agreement reached with the prosecutor. Sands claims that under

these circumstances his plea was invalid because it was entered unknowingly and without the effective assistance of counsel, and therefore that he should be allowed to withdraw his guilty plea. Sands also asserted that the district court abused its sentencing discretion by imposing a sentence that was unduly harsh in light of established sentencing criteria. The district court denied Sands' motion without a hearing on January 31, 1991.

## ISSUES ON APPEAL

Sands has raised essentially two issues on appeal: (1) He claims that his guilty plea and conviction are invalid because his plea was entered unknowingly and without the effective assistance of counsel; and (2) he claims that the district court abused its discretion in denying his motion for reduction of sentence. The first issue challenges the validity of Sands' conviction, while the second challenges the validity of his sentence. We will address these issues in turn.

## ANALYSIS

1. Validity of Guilty Plea and Conviction.

We conclude that the issues regarding the validity of Sands' guilty plea and conviction are not properly before us because they were not first raised in the district court. In *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992), the defendant challenged the validity of his guilty plea on the grounds that the district court failed to inform him that the plea would entail a waiver of his right against self-incrimination. The Supreme Court ruled that because Lavy failed to first raise the issue in the district court, the validity of Lavy's plea was not appropriately on appeal, deeming the issue not one of fundamental rights. *Lavy*, 121 Idaho at 846, 828 P.2d at 875.

In the case before us, Sands challenges the validity of his plea and conviction without first raising the issue in the district court. The correct avenue for pursuing the relief sought by Sands would

have been to bring a motion under I.C.R. 33(c), which provides:

> (c) Withdrawal of plea of guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Rather than seek relief in a motion under Rule 33(c), Sands sought withdrawal of his plea in a motion under I.C.R. 35. Rule 35, which governs the modification of sentences which are either illegal or excessive, provides as follows:

> **Rule 35. Correction or reduction of sentence.**—The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed or within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation as provided by law. Motions to correct or modify sentences under this rule shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion; provided, however that no defendant may file more than one motion seeking a reduction of sentence under the Rule.

Clearly, a motion which challenges the legality of a conviction on the grounds that it was based on an invalid guilty plea is beyond the scope of a motion brought under Rule 35. Accordingly, we hold that Sands has failed to challenge the legality of his conviction in the district court. Because Sands has failed to challenge the legality of his plea and conviction in the district court, we will not address that issue on appeal. *Lavy*, 121 Idaho 842, 828 P.2d 871 (1992); *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991). Sands may raise that issue in a motion pursuant to I.C.R. 33(c) or in an

application for post-conviction relief under I.C. §§ 19–4901 to 19–4911.

2. Denial of Rule 35 Motion for Reduction of Sentence.

■ The only issue which is properly before this Court is whether the district court abused its discretion in denying Sands' motion for reduction of sentence. Where a sentence is not challenged as to its legality, a Rule 35 motion is a plea for leniency, addressed to the sound discretion of the sentencing court. *State v. Forde,* 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App. 1987). On appeal, we review the denial of a Rule 35 motion to determine from the record whether the facts, if any, presented in connection with the Rule 35 motion show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright,* 114 Idaho 451, 452, 757 P.2d 714, 715 (Ct.App.1988).

■ The criteria for evaluating a judge's refusal to reduce a sentence pursuant to a Rule 35 motion are the same criteria we consider in determining whether the original sentence was reasonable. *State v. Snapp,* 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct.App.1987). In *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982), we explained that:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

*Toohill,* 103 Idaho at 568, 650 P.2d at 710. In determining whether a sentence is longer than necessary to achieve these goals, and thus unreasonable, we consider the actual term of confinement imposed in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The appellant bears the burden of showing that his sentence is unreasonable in light of these criteria. *Wright,* 114 Idaho at 453, 757 P.2d at 716. This court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Sands' actual term of confinement as two years, and, in order to prevail on appeal, Sands must establish that, in light of the governing criteria, his sentence of two years' minimum confinement for burglary was excessive under any view of the facts. *State v. Ojeda,* 119 Idaho 862, 866, 810 P.2d 1148, 1152 (Ct.App.1991). The record in this case shows that the district court did not abuse its discretion in sentencing Sands, but gave due consideration to Sands' character and the nature of his offense in light of the well-established goals of sentencing.

■ The district court noted that Sands has a prior criminal record, including two felony convictions as an adult. Sands' offense in this case consisted of a daytime burglary in which he and a companion broke into a residence and stole property valued at $4,748. Sands was on parole for an auto theft conviction in California at the time he committed this current offense. The presentence investigator stated that Sands appeared to be a manipulative individual who showed no remorse for his victims, and concluded that Sands was not a suitable candidate for probation.

We cannot say that a two-year fixed term of confinement is unreasonable or excessive in light of Sands' character, the nature of his offense, and the goals of sentencing, which are protection of society, deterrence, punishment, and rehabilitation. To the contrary, Sands' sentence is a reasonable measure to accomplish these objectives. Therefore, the district court did not abuse its sentencing discretion, and the district court's denial of Sands' motion for reduction of sentence is affirmed.

## CONCLUSION

Because the issues regarding the validity of Sands' plea and conviction are not properly before us, we will not address them. We hold that Sands' two-year fixed sentence for burglary is not unreasonable under the governing sentencing criteria, and affirm the district court's denial of his motion for reduction of sentence.

WALTERS, C.J., and SWANSTROM, J., concur.