900 P.2d 803

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ramon GOMEZ, Defendant–Appellant.**

No. 21191.

Court of Appeals of Idaho.

May 12, 1995.

Rehearing Denied July 20, 1995.

Petition for Review Denied Sept. 7, 1995.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

In this appeal Ramon Gomez seeks review of sentences imposed for drug-related felonies in three cases and of the district court's denial of his subsequent motions for reduction of the sentences under I.C.R. 35. Gomez also alleges that his pleas of guilty were constitutionally infirm and that he received ineffective assistance of counsel at the taking of his plea and at sentencing. For the reasons stated below, we affirm.

During the summer of 1993, Gomez was charged in three indictments with a total of ten separate felonies. All of the charged crimes were drug related. Pursuant to a plea agreement, Gomez pled guilty to five of the counts, and the remaining charges were dismissed. On four of the convictions, the district court imposed unified sentences of fifteen years with five years determinate. On the fifth conviction, Gomez received a five-year unified sentence with two years determinate.[1] The court ordered that the sen-

---

1. The following is a summary of the charged crimes and their dispositions:
   CASE NUMBER CR9304507:
   Count I—Possession of a controlled substance (heroin) with intent to deliver, I.C. § 37–2732(a)(1)(A); pled guilty, sentence of five to fifteen years.
   Count II—Possession of more than two (2) grams but less than seven (7) grams of a controlled substance (heroin), I.C. § 37–2732B(a)(5); dismissed.
   Count III—Possession of a controlled substance (marijuana) with intent to deliver, I.C. § 37–2732(a)(1)(B); dismissed.
   Count IV—Possession of a controlled substance (methamphetamine) with intent to deliver, I.C. § 37–2732(a)(1)(A); dismissed.
   Count V—Possession of a controlled substance (cocaine) with intent to deliver, I.C. § 37–2732(a)(1)(A); pled guilty, sentence of five to fifteen years.

tences run concurrently. Gomez filed an I.C.R. 35 motion requesting reconsideration of his sentences. After a hearing, the district court denied relief. This appeal followed.

Gomez first argues that his guilty pleas were not knowing, voluntary or intelligent. At the taking of his guilty pleas, Gomez was provided an interpreter to translate the proceedings into Spanish, Gomez's native language. At the Rule 35 hearing, Gomez argued that the district court should exercise leniency and reduce the sentences because Gomez did not fully understand the translations and was unclear as to the charges to which he was pleading guilty. On appeal, Gomez's argument takes a decidedly different tack. Gomez does not now argue that his assertions weigh in favor of a reduction of the sentences but that his inability to understand the interpreter rendered his guilty pleas constitutionally infirm as not knowing, voluntary or intelligent.

Gomez's appellate argument is improper because it presents an issue not raised before the district court. This Court was faced with a similar situation in *State v. Sands*, 121 Idaho 1023, 829 P.2d 1372 (Ct.App.1992), where we held:

> Clearly, a motion which challenges the legality of a conviction on the grounds that it was based on an invalid guilty plea is beyond the scope of a motion brought under Rule 35. Accordingly, we hold that Sands has failed to challenge the legality of his conviction in the district court. Because Sands has failed to challenge the legality of his plea and conviction in the district court, we will not address that issue on appeal. Sands may raise that issue in a motion pursuant to I.C.R. 33(c) or in an application for post-conviction relief under I.C. §§ 19–4901 to 19–4911.

*Id.* at 1025–26, 829 P.2d at 1374–75 (citations omitted).

■ Admittedly, the district court's written order denying Rule 35 relief may have invited Gomez to advance this argument on appeal. While the district court correctly noted during a hearing on the motion that the only issue before the court was whether Gomez's sentences should be reduced, the court in its written order found that the pleas were constitutionally valid. The district court should not have addressed the validity of the pleas in its order as that issue is beyond the scope of a motion under Rule 35. Because Gomez did not properly challenge the legality of his guilty pleas below, we will not address this issue on appeal.

Gomez next argues, for the first time on appeal, that he was deprived of the effective assistance of counsel at the taking of his plea and at sentencing. The focus of Gomez's claim is that because of the language barrier and translation problems, he was confused as to the crimes to which he was pleading guilty and as to the sentencing proceedings in general. Gomez alleges that his counsel should have recognized his confusion and taken steps to correct the problem.

■ Whether Gomez was confused and whether his lawyer knew or should have known of such confusion are factual issues that do not lend themselves to resolution by reference to the bare record of the proceedings in the criminal case. Gomez would have no right to relief for ineffective assistance unless those facts, among others, have been proven. By attempting to bring this claim on direct appeal without first properly presenting the issue to the district court, Gomez has failed to make a necessary evidentiary record and deprived the State of any opportunity to develop an evidentiary record on this issue. We have frequently declined to

Count VI—Possession of a controlled substance (heroin) with intent to deliver, I.C. § 37–2732(a)(1)(A); *dismissed.*
CASE NO. CR9305168:
Count I—Delivery of a controlled substance (marijuana), I.C. § 37–2732(a)(1)(B); *dismissed.*
Count II—Delivery of a controlled substance (marijuana), I.C. § 37–2732(a)(1)(B); *pled guilty, sentence of two to five years.*

CASE NO. CR9305169:
Count I—Delivery of a controlled substance (heroin), I.C. § 37–2732(a)(1)(A); *pled guilty, sentence of five to fifteen years.*
Count II—Delivery of a controlled substance (methamphetamine), I.C. § 37–2732(a)(1)(A); *pled guilty, sentence of five to fifteen years.*

consider claims of ineffective assistance of counsel on direct appeal because of our inability to resolve such claims on the record of the criminal proceedings, and we have suggested that such claims be pursued by application for post-conviction relief. *See State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct.App.1993); *State v. Marks*, 119 Idaho 64, 66, 803 P.2d 565, 567 (Ct.App.1991); *State v. Steele*, 118 Idaho 793, 795, 800 P.2d 680, 682 (Ct.App.1991); *State v. Munoz*, 118 Idaho 742, 745, 800 P.2d 138, 141 (Ct.App.1990); *State v. Darbin*, 109 Idaho 516, 523, 708 P.2d 921, 928 (Ct.App.1985).[2] Consistent with these precedents, we decline to consider Gomez's assertion that he is entitled to relief from the judgments of conviction because his attorney was ineffective.

■ Gomez next asserts that the district court abused its discretion in imposing unduly severe sentences. We review a sentence on appeal for abuse of the sentencing court's discretion, taking into account the objectives of sentencing and well-established standards for evaluating the reasonableness of the sentence. *See State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

■ Gomez's assertion that the district court erred when it failed to adequately specify the reasons underlying its sentencing determinations is without merit for three reasons. First, our appellate courts have many times stated that sentencing courts, although encouraged to do so, need not state their reasons for the imposition of particular sentences. *State v. Brewster*, 106 Idaho 145, 146, 676 P.2d 720, 721 (1984); *State v. Martinez*, 122 Idaho 158, 163, 832 P.2d 331, 336 (Ct.App.1992); *State v. King*, 120 Idaho 955, 958, 821 P.2d 1010, 1013 (Ct.App.1991).

Nor is the district court required, as argued by Gomez, to state on the record why the sentences were "necessary." Gomez's argument is borne from language in this Court's opinion in *Toohill*, where we stated, "A sentence of confinement longer than necessary for [the goals of sentencing] is unreasonable." *Id.*, 103 Idaho at 568, 650 P.2d at 710. This statement was made as part of the articulation of a standard for evaluating the reasonableness of a sentence. Nothing in *Toohill* implies that sentencing courts must specify why a particular sentence is "necessary" as compared to possible alternative sentences. Moreover, the Idaho Supreme Court in *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993), noted that it had never specifically adopted this language from *Toohill*. Instead the Supreme Court deemed the controlling standard to be, "that in order to establish that the sentence imposed is unreasonable the defendant must show in light of the governing criteria that the sentence is excessive under any reasonable view of the facts." Accordingly, Gomez's argument that a trial court must state on the record why a particular sentence is "necessary" is without merit.

■ In any event, the district court in this case did state its rationale for the sentencing determinations. At the sentencing hearing the court noted that, contrary to Gomez's assertions, the facts of these cases showed that Gomez was heavily involved in drug trafficking. After commenting upon the detrimental impact that drugs have on society, the court concluded that in order to protect society and deter Gomez and others from engaging in this type of criminal activity, significant terms of incarceration were warranted. Gomez had previously been convicted in California for two counts of selling

---

2. Our appellate courts have also warned of the danger that bringing an ineffective assistance of counsel claim on direct appeal from the conviction may create a *res judicata* preclusion to a later attempt to fully develop such a claim in post-conviction proceedings. *See Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990); *Carter v. State*, 108 Idaho 788, 702 P.2d 826 (1985); *State v. Carter*, 103 Idaho 917, 923 n. 4, 655 P.2d 434, 440 n. 4 (1982); *Kraft v. State*, 100 Idaho 671, 672–73, 603 P.2d 1005, 1006–07 (1979); *Kraft v. State*, 99 Idaho 214, 215 n. 2, 579 P.2d 1197, 1198 n. 2 (1978); *State v. Ruth*, 98 Idaho 879, 574 P.2d 1357 (1978) (Bistline, J., specially concurring); *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975); *State v. Kraft*, 96 Idaho 901, 906, 539 P.2d 254, 259 (1975) (Bakes, J., specially concurring); *State v. Koch*, 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct.App.1989); *State v. Rendon*, 107 Idaho 425, 426, 690 P.2d 360, 361 (Ct.App.1984).

heroin, for which he received a four-year sentence and was incarcerated for eighteen-months. This prior incarceration had not deterred Gomez from resuming a role in the drug trade. After independent review of the record, we conclude Gomez has failed to show that under any reasonable view of the facts, the sentences imposed were excessive. The district court did not abuse its discretion in sentencing.

Although Gomez also appeals from the district court's denial of his Rule 35 request for leniency, he merely reasserts the arguments advanced with respect to the district court's sentencing determinations. Accordingly, we hold that the district court did not abuse its discretion in denying Rule 35 relief.

The judgments of conviction, sentences, and orders denying Gomez's Rule 35 motions are affirmed.

WALTERS, C.J., and PERRY, J., concur.