# IN THE SUPREME COURT OF THE STATE OF IDAHO

**Supreme Court Docket No. 48486-2020; Consolidated Docket Nos. 48511-2020; 49440-2022; 49441-2022; 49442-2022; 49443-2022; 49444-2022; 49445-2022; 49446-2022**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Boise, October 2024 Term** |
| | ) | |
| **v.** | ) | **Opinion filed: December 19, 2024** |
| | ) | |
| **LANCE A. ROBERTS,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Teton County. Jon J. Shindurling, District Judge.

The decision of the district court is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Jason C. Pintler argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Mark W. Olson argued.

———————————————

ZAHN, Justice.

Lance A. Roberts appeals from the district court's decision on intermediate appeal affirming the magistrate court's decision denying his Idaho Criminal Rule 35 motion in a misdemeanor DUI case, denying his Idaho Criminal Rule 35 motions in his felony DUI cases, and dismissing his petitions for post-conviction relief in his felony DUI cases. Roberts' motions sought to amend his multiple convictions from the past two decades for driving under the influence. Roberts' challenges all relate back to his April 1998 conviction for a second "adult" misdemeanor DUI, which he claims should have been charged as a second "juvenile" misdemeanor DUI. Roberts argues that the erroneous conviction had a domino-effect on his subsequent DUIs over the next eighteen years, some of which were charged as felonies. He contends that the improper felonies then resulted in a determination that he was a persistent violator of the law, which made him subject to a sentencing enhancement in his most recent felony DUI case. Roberts filed Idaho Criminal Rule 35 motions and post-conviction petitions in multiple criminal cases, seeking to amend his

1

prior DUI convictions and eliminate the persistent violator sentencing enhancement. The district court denied his motions and dismissed the petitions because neither an Idaho Criminal Rule 35 motion nor a petition for post-conviction relief authorized the trial court to grant the requested relief.

Roberts timely appealed. He concedes that the district court properly applied existing law but asks this Court to carve out an exception to Idaho Criminal Rule 35(a) and to interpret Idaho Code section 19-4901(a), which governs post-conviction relief claims, to allow Roberts to amend his prior DUI convictions. For the reasons discussed herein, we decline to do so and affirm the district court.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This matter consists of nine consolidated appeals. Since 1997, Roberts has been convicted of six DUIs and one count of felony burglary in the state of Idaho. One of those convictions is an April 1998 conviction for "adult" DUI. Idaho law differentiates between "juvenile" and "adult" DUI. A juvenile DUI occurs when someone under twenty-one years of age operates a vehicle with a blood alcohol concentration ("BAC") of at least 0.02 but less than 0.08. I.C. § 18-8004(1)(a). An adult DUI occurs when any person operates a vehicle with a BAC over 0.08. I.C. § 18-8004(1)(d).

Idaho law also provides that subsequent DUI convictions that occur within a specific timeframe are subject to greater penalties. Idaho Code section 18-8005 mandates that, with some exceptions, first and second offense adult DUIs are misdemeanors. I.C. § 18-8005(1), (4). Between the date of Roberts' April 1998 adult DUI and a statutory amendment in 2006, section 18-8005 mandated that DUIs were felonies if the defendant had two adult misdemeanor DUIs in the previous five years, or one or more adult felony DUIs in the previous ten years. I.C. § 18-8005(4), (5) (2005). In 2006, section 18-8005 was amended to increase the timeframes applicable to felony enhancement, with the result that a defendant could be charged with felony DUI if he had two adult misdemeanor DUIs in the previous ten years, or one or more adult felony DUI in the previous fifteen years. *See* Act of Mar. 30, 2006, ch. 261, 2006 Idaho Sess. Laws 800, 809–11 (codified at I.C. § 18-8005(4), (5)). Notably, section 18-8005(6) excludes prior *juvenile* DUIs as a basis for enhancing a subsequent DUI to a felony. *See* I.C. § 18-8005(6).

Roberts was first convicted of juvenile DUI in March 1997, when he was sixteen years old. In April 1998, at age seventeen, Roberts was charged with second offense *adult* DUI. The record does not include evidence of a BAC attributed to Roberts for this DUI. Roberts waived his right

2

to an attorney and entered a guilty plea to second offense adult DUI. Roberts now argues that the State erred by charging an unrepresented seventeen-year-old with a second offense adult DUI because Roberts was under twenty-one years old and no BAC was recorded showing his BAC above 0.08. Consequentially, Roberts argues that he should have been charged with a second offense *juvenile* DUI instead of a second offense *adult* DUI.

What followed, as alleged by Roberts, is a domino effect that resulted in his subsequent DUI's being charged as felonies instead of misdemeanors. Roberts' criminal history is outlined in the table below:

| Date | Conviction | Idaho Code Section |
|------|-----------|-------------------|
| March 1997 | • Juvenile misdemeanor DUI | I.C. § 18-8004(1)(d) (1994); I.C. § 18-8004A(1) (1994); |
| April 1998 | • Second Adult Misdemeanor DUI | I.C. § 18-8004(1)(a) (1997); I.C. § 18-8005(1) (1997). |
| June 1998 | • Second Adult Misdemeanor DUI (Despite Roberts having already pleaded guilty to second adult misdemeanor, the trial court only recognized one prior adult DUI in Roberts' history and determined this DUI to be his second adult DUI offense.) | I.C. § 18-8004(1)(a) (1997); I.C. § 18-8005(4) (1997). |
| February 1999 | • Felony Burglary | I.C. § 18-1401 (1997). |
| February 2001 | • First Adult Felony DUI (Charged as a felony because Roberts had two adult misdemeanor DUI convictions in the previous five years.) | I.C. § 18-8004(1)(a) (2000); I.C. § 18-8005(5) (2000). |
| July 2006 | • Second Adult Felony DUI (Charged as a felony because Roberts had a felony DUI conviction in the previous ten years.) | I.C. § 18-8004(1)(a); I.C. § 18-8005(7) (2005). |
| January 2016 | • Third Adult Felony DUI (Charged as a felony because Roberts had a felony DUI in the previous fifteen years.) • Persistent violator sentencing enhancement | I.C. § 18-8004(1)(a); I.C. § 18-8005(9) (2015); I.C. § 19-2514. |

In 2016, Roberts was charged with his third felony DUI. The State also charged a persistent violator enhancement as a result of Roberts' two previous felony DUIs and his burglary conviction. Roberts pleaded guilty to the felony DUI and admitted that he met the conditions for the persistent violator enhancement. Sometime after he was sentenced in that case, Roberts discovered the alleged procedural error in his criminal history. To remedy this alleged harm, on April 7, 2017, Roberts filed a Rule 35 motion in the April 1998 adult DUI case, seeking to correct what he alleged

3

was an illegal sentence because he was incorrectly charged with a second offense adult misdemeanor DUI instead of a second offense juvenile DUI.

The magistrate court granted the motion and amended Roberts' April 1998 judgment of conviction. The amended judgment changed Roberts' conviction from a second offense adult DUI to a second offense juvenile DUI. The State moved to reconsider, arguing that the magistrate court lacked subject-matter jurisdiction to change the conviction, that Rule 35(a) did not authorize amendment of a conviction, and that any motion under Rule 35(b) was time barred. The magistrate court denied the motion, and the State did not appeal.

Armed with his amended judgment of conviction, Roberts filed a flurry of motions and petitions for post-conviction relief in his DUI cases that followed the April 1998 conviction, with the ultimate goal of amending his subsequent felony DUI convictions to misdemeanor DUI convictions and eliminating the persistent violator sentencing enhancement in his 2016 DUI case. Roberts limits his arguments on appeal to the denial of his Rule 35 motions and the dismissal of his petitions for post-conviction relief, so we will limit our discussion of the procedural history to those filings.

The crux of Roberts' Rule 35 motions was that (1) the amendment of his April 1998 conviction meant his June 1998 conviction for second offense adult DUI should have been a conviction for first offense adult DUI; (2) his first adult felony DUI in 2001 should be a misdemeanor because he only had one prior adult misdemeanor DUI in June 1998; (3) his second felony DUI in 2006 should be a misdemeanor DUI because he did not have two adult misdemeanor DUI convictions in the prior ten years; (4) his third adult felony DUI in 2016 should be a misdemeanor because he did not have two adult misdemeanor DUI convictions in the prior ten years; and (5) he should not have a persistent violator enhancement because he only had one prior felony conviction in 1999 for felony burglary.

Roberts' petitions for post-conviction relief alleged ineffective assistance of counsel because his lawyers in the felony DUI cases failed to recognize the problem with his April 1998 conviction for second offense adult DUI.

The magistrate court denied Roberts' Rule 35 motion to amend his June 1998 second offense adult misdemeanor DUI conviction after concluding that the judgment entered in the June 1998 DUI case unambiguously described the conviction as being a second offense adult DUI conviction, so the magistrate court did not have the authority to amend that judgment. Roberts

appealed the denial of his motion to the district court. The district court consolidated Roberts' appeal with Roberts' other pending motions and petitions for post-conviction relief in his felony DUI cases.

Following briefing and oral argument, the district court issued a decision affirming the magistrate court's denial of Roberts' motion related to his June 1998 second offense adult misdemeanor DUI conviction and denied Roberts' motions and petitions for post-conviction relief filed in his felony DUI cases. The district court began by reviewing whether the magistrate court had legal authority to amend Roberts' April 1998 conviction for second offense adult DUI. The district court concluded that Roberts failed to show from the face of the record that his April 1998 conviction was illegal and therefore a Rule 35(a) motion could not be used to attack the validity of an underlying conviction. The district court concluded that the magistrate court erred by granting Roberts' Rule 35 motion concerning his April 1998 conviction and reversed the magistrate court's order amending the April 1998 judgment of conviction.

The district court next affirmed the magistrate court's denial of Roberts' Rule 35 motion to amend his June 1998 second offense adult misdemeanor DUI conviction. The district court concluded that Roberts failed to demonstrate that the conviction was illegal on its face and that Rule 35 could not be used to collaterally attack a criminal conviction.

The district court then denied Roberts' various motions in his felony DUI cases because they were all dependent on Roberts' April 1998 judgment of conviction being amended to a juvenile DUI, which the district court reversed. Finally, the district court dismissed Roberts' petitions for post-conviction relief, concluding that they were also premised on the April 1998 amended conviction that the district court vacated, and that Roberts did not provide any evidence of ineffective assistance of counsel.

Roberts timely appealed the decisions in each of his criminal cases. This Court thereafter consolidated the appeals. On appeal, Roberts only argues error related to the district court's decision affirming the magistrate court's denial of his Rule 35 motion, its decisions denying his Rule 35 motions in his felony DUI cases, and its decisions dismissing his petitions for post-conviction relief in his felony DUI cases.

## II.    ISSUE ON APPEAL

Whether Roberts is entitled to amend his prior judgments of conviction pursuant to Idaho Criminal Rule 35(a) or Idaho Code section 19-4901(a).

5

## III.   STANDARDS OF REVIEW

When reviewing the decision of a district court sitting in its intermediate appellate capacity, we review the trial court record to "determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings." *State v. Dacey*, 169 Idaho 102, 106–07, 491 P.3d 1205, 1209–10 (2021) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). "If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure." *Id.* (quoting *Bailey*, 153 Idaho at 529, 284 P.3d at 973). Thus, this Court does not review the magistrate court's decision. *Id.* "Rather, we are procedurally bound to affirm or reverse the decisions of the district court." *Id.* (internal quotation marks omitted) (quoting *Bailey*, 153 Idaho at 529, 284 P.3d at 973).

The denial of a Rule 35 motion is reviewed for an abuse of discretion. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008). When this Court reviews an alleged abuse of discretion by a trial court the Court considers whether the trial court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

"When reviewing the 'dismissal of a post-conviction relief application without an evidentiary hearing, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file and will liberally construe the facts and reasonable inferences in favor of the non-moving party.'" *Hooley v. State*, 172 Idaho 906, 912, 537 P.3d 1267, 1273 (2023) (quoting *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007)). "When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing." *Id.* (quoting *Charboneau*, 144 Idaho at 903, 174 P.3d at 873).

## IV.   ANALYSIS

### A. Neither Idaho Criminal Rule 35(a) nor Idaho Code section 19-4901(a) allow Roberts to amend his judgments of conviction.

Roberts acknowledges that the district court's rulings were consistent with Idaho law. However, he asks this Court to reconsider its interpretations of Idaho Criminal Rule 35(a) and

Idaho Code section 19-4901(a) to allow Roberts to use those provisions to "correct" his criminal history, amend his judgments of conviction, and eliminate his sentence enhancement for being a persistent violator of the law. Roberts argues that if he cannot obtain the requested relief under Rule 35 or section 19-4901(a), then he has no way to correct his criminal history following the April 1998 conviction. For the reasons discussed herein, we decline to overrule our prior decisions holding that neither Rule 35(a) nor Idaho Code section 19-4901(a) permit the relief that Roberts seeks.

    *1. Idaho Criminal Rule 35(a) does not authorize trial courts to amend a criminal conviction.*

Roberts asks this Court to reconsider its interpretation of Rule 35(a) and allow courts to go beyond the face of the record on the judgment of conviction when there is a colorable argument that the sentence imposed is illegal based upon an erroneous understanding of the defendant's criminal history. Roberts argues that he should not have been permitted to plead guilty to a second offense adult DUI in April 1998 because he was only seventeen years old and there is no evidence in the record indicating that his BAC at the time was over 0.08. Roberts contends that his erroneous conviction for a second offense adult DUI has resulted in his 2016 DUI conviction being a felony and also in his being subject to a sentencing enhancement due to being a persistent violator. Roberts asserts that, if his April 1998 DUI conviction was corrected to second offense juvenile DUI, his subsequent DUI convictions would all be misdemeanors and he would not have been subject to a persistent violator sentencing enhancement. The State responds that this Court should not create a new equitable remedy contrary to the current language and interpretation of Rule 35(a).

The Idaho Supreme Court has inherent authority "to make rules governing procedure in the lower courts of the state." *State v. Griffith*, 97 Idaho 52, 58, 539 P.2d 604, 610 (1975). Idaho Criminal Rule 35(a) reads:

> Illegal Sentences. The court may correct a *sentence that is illegal from the face of the record* at any time.

I.C.R. 35(a) (emphasis added). "Idaho Criminal Rule 35 is a narrow rule that allows a trial court to correct an *illegal sentence* at any time." *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009) (emphasis added). Both the plain language of Rule 35(a) and this Court's caselaw interpreting Rule 35(a) are clear that a Rule 35(a) motion cannot be used to amend an underlying judgment of conviction. *Id*. at 86, 218 P.3d at 1147 ("[T]he term 'illegal sentence' under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing."); *State v. Wolfe*, 158 Idaho 55, 65,

7

343 P.3d 497, 507 (2015) ("Rule 35's purpose is to allow courts to correct illegal sentences, not to reexamine errors occurring at trial or before the imposition of the sentence." (emphasis omitted)). Roberts asserts that the equities in his case weigh in favor of allowing him to use Rule 35(a) to look to the underlying facts of the case to attack an underlying conviction and that we should therefore carve out an exception for his circumstance. We decline to do so for several reasons.

First, Roberts is incorrect that, absent carving out an exception for him, he had no other avenues to correct his April 1998 conviction. Rather, the law provided him with several avenues to correct or set aside his judgment of conviction, such as a direct appeal, a timely Rule 33 motion to withdraw his guilty plea, or a timely petition for post-conviction relief. Roberts did not pursue any of these procedural mechanisms. There is no need to create additional mechanisms when our current law and rules provided him with several ways to raise the issue he raises now.

Second, to carve out an exception to Rule 35(a) as Roberts suggests would upend decades of precedent from this Court and the Court of Appeals holding that a defendant cannot revisit an underlying conviction via a Rule 35(a) motion. *See Wolfe,* 158 Idaho at 65, 343 P.3d at 507; *Clements*, 148 Idaho at 84, 218 P.3d at 1145; *State v. Burnight*, 132 Idaho 654, 657 n.1, 978 P.2d 214, 217 n.1 (1999); *State v. Gomez*, 127 Idaho 327, 329, 900 P.2d 803, 805 (Ct. App. 1995); *State v. Sands*, 121 Idaho 1023, 1025, 829 P.2d 1372, 1374 (Ct. App. 1992). Roberts fails to demonstrate compelling reasons for why we should create exceptions to well-established caselaw. His argument that he will not otherwise be able to obtain relief is unavailing in light of his failure to pursue the other available procedural mechanisms to correct his conviction.

Finally, carving out an exception to our longstanding caselaw would disturb the finality rationale that underlies Rule 35(a). Finality is a longstanding underpinning of Idaho's legal system. *See State v. Davis*, 8 Idaho 115, 118, 66 P. 932, 932–33 (1901) (per curiam). This Court has repeatedly held that "the authority conferred by Rule 35 should be limited to uphold the finality of judgments." *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *see Wolfe*, 158 Idaho at 65, 343 P.3d at 507. Roberts argues that "the goal of finality should never outweigh basic notions of justice and due process . . . ." However, Roberts pleaded guilty to his April 1998 DUI charge over two decades ago, and he has only now sought relief from a conviction that he argues was improper on its face at the time it occurred.

This case presents a prime example for upholding the finality of judgments. Roberts makes several factual assertions about what occurred in connection with his April 1998 guilty plea, which

are impossible to either confirm or deny due to the absence of any meaningful record. Likely due to the passage of time, the record on appeal concerning Roberts' April 1998 DUI conviction does not include evidence of Roberts' BAC when he was charged, why Roberts waived his right to counsel, or why he decided to plead guilty to adult misdemeanor DUI. Without a complete record, including Roberts' BAC at the time he was arrested, this Court cannot determine if Roberts was incorrectly charged with an adult misdemeanor DUI instead of a juvenile DUI. At the time of Roberts' arrest in April of 1998, Idaho law permitted a person under twenty-one years of age to be charged with an adult DUI offense if that person's BAC was over 0.08. I.C. § 18-8004(1)(a) (1997) ("It is unlawful for *any person* who is under the influence of alcohol . . . who has an alcohol concentration of 0.08 . . . or more . . . to drive . . . within this state . . . ." (emphasis added)). If Roberts' BAC was 0.08 or more at the time of his arrest for his April 1998 DUI, then Roberts was properly charged and his justification for carving out an exception to Rule 35 falls away. We therefore uphold the finality of Roberts' April 1998 judgment of conviction.

In conclusion, we decline Roberts' invitation to carve out an exception to the plain language of Rule 35 and our existing caselaw. We therefore affirm the district court's intermediate appellate decision affirming the magistrate court's decision denying Roberts' Rule 35 motion. We also affirm the district court's decisions denying Roberts' Rule 35 motions in his felony DUI cases.

2. *Idaho Code section 19-4901(a) does not authorize trial courts to amend a criminal conviction.*

Roberts also asks this Court to interpret section 19-4901(a) of Idaho's Post-Conviction Procedure Act to allow Roberts to amend his judgment of conviction when he is serving a sentence arguably not authorized by Idaho law and when he raised that claim within a reasonable time of discovering the error. The State responds that the Act bars Roberts from challenging the final judgments entered in his case.

"Statutory interpretation is a question of law that receives de novo review from this Court." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020) (citing *State v. Schulz*, 151 Idaho 863, 865, 264 P.3d 970, 972 (2011)). Idaho Code section 19-4901(a)(1) provides that "[a]ny person who has been convicted of, or sentenced for, a crime and who claims . . . [t]hat the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state . . . may institute, without paying a filing fee, a proceeding under this act to secure relief." I.C. § 19-4901(a)(1). However, as acknowledged by Roberts, he is not permitted to bring a claim pursuant to section 19-4901(a)(1) because that claim must be filed within one year from the

expiration of the time for appeal, which has long since passed. I.C. § 19-4902(a). Additionally, issues which could have been raised on direct appeal, but were not, are generally forfeited. I.C. § 19-4901(b). These procedural barriers bar Roberts from bringing a claim for post-conviction relief to correct his allegedly erroneous DUI convictions.

We decline Roberts' invitation to depart from the plain language of Idaho's Post-Conviction Relief Act and our well-established caselaw. The plain language of Idaho Code section 19-4902 required Roberts to file his petition for post-conviction relief within a year of his conviction. He did not. Moreover, the plain language of Idaho Code section 19-4901(b) prevents Roberts from raising the claims he raises here because he failed to raise them on direct appeal. "The right to post-conviction relief is proscribed by what the statute provides; we are not in the business of rewriting statutes." *Hooley v. State*, 172 Idaho 906, 915, 537 P.3d 1267, 1276 (2023). Accordingly, Roberts is not entitled to post-conviction relief, and we therefore affirm the district court's decisions dismissing Roberts' petitions for post-conviction relief.

## V.    CONCLUSION

For the reasons discussed herein, we affirm the district court's denial of Roberts' requests for relief from his final judgments of conviction.

Chief Justice BEVAN, Justices BRODY and MEYER, and Pro Tem Justice TROUT CONCUR.