883 P.2d 722

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael J. FERTIG, Defendant–Appellant.**

**No. 21029.**

Court of Appeals of Idaho.

Sept. 22, 1994.

Petition for Review Denied Nov. 15, 1994.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

In this case we are asked to determine whether the district court abused its discretion by failing to follow the recommendations of the prosecution pursuant to a plea agreement. We are also asked to review a sentence imposed for lewd and lascivious conduct with a minor and the denial of an I.C.R. 35 motion for reduction of that sentence. For the reasons stated below, we affirm the actions of the district court.

## I.

## FACTS AND PROCEDURE

In May of 1993, Michael Fertig was charged with lewd and lascivious conduct with a minor under the age of sixteen, in violation of I.C. § 18–1508. Fertig initially pled not guilty to the charges. Pursuant to a plea agreement with the prosecution, Fertig later changed his plea to guilty. At the change of plea hearing, Fertig's counsel explained that in exchange for the agreement to plead guilty:

> The State will be limiting itself to seeking a fixed two-year sentence with three years indeterminate and will recommend that the Court suspend all of that sentence and impose—State will be arguing for a maximum of 120–day county jail sentence subject to work release. The defense is arguing—is free to argue for less.

The district court then explained:

> At the sentencing time, I will have reviewed that report. I will listen to the recommendations made by the prosecuting attorney as well as your own attorney. I'm not bound to follow them. Do you understand?
>
> MR. FERTIG: Yes, I do, Your Honor.

At sentencing, the district court indicated that it had reviewed the presentence investigation report and gave Fertig an opportunity to address any errors contained in the report. The district court then sentenced Fertig to seven years' incarceration, with a two-year minimum period of confinement. No portion of the sentence was suspended as the prosecution had recommended. Following sentencing, Fertig moved under I.C.R. 35 to have the sentence reduced. This motion was denied.

Fertig now appeals, claiming that the district court erred by failing to follow the recommendation of the prosecution, by imposing too great a sentence and by denying his motion for a sentence reduction under I.C.R. 35.

## II.

### ANALYSIS

### A. DID THE DISTRICT COURT ERR BY FAILING TO FOLLOW THE PROSECUTION'S RECOMMENDED SENTENCE?

■ In his statement of the issues, Fertig frames this issue as "Whether the Court abused its discretion in refusing to abide by the plea agreement and not permitting the Defendant to withdraw his plea of guilty." The issue, as presented, blends a number of more complex analytical questions that must be separated before being properly addressed. Under I.C.R. 11(d)(1), there are four separate types of agreements:

The prosecuting attorney and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement, which may include a waiver of the defendant's right to appeal the judgment and sentence of the court, that upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will do any of the following:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding on the court; or

(C) agree that a specific sentence is the appropriate disposition of the case; or

(D) agree to any other disposition of the case.

The first step of the analysis requires that we determine which type of agreement was entered into under the different categories provided by I.C.R. 11(d)(1). If the agreement falls within I.C.R. 11(d)(1)(A), (C) or (D), then we must ask whether the agreement was violated by the district court. If the agreement falls under I.C.R. 11(d)(1)(B), then we need not inquire whether the district court violated the agreement since the district court is not a party to said agreement. Second, we must determine whether the district court erred by not allowing Fertig the opportunity to withdraw his guilty plea.

Fertig claims that the district court erred in failing to "abide by" the agreement. Therefore, Fertig asserts that the agreement entered into by the prosecution and Fertig falls within Rule 11(d)(1)(A), (C) or (D). Agreements made pursuant to I.C.R. 11(d)(1)(B) do not bind the court to any particular course of action. The prosecution, on the other hand, is bound by its agreement to make a certain recommendation or to not oppose a defendant's request.

From the record, however, it is clear that the agreement entered into in this case falls under I.C.R. 11(d)(1)(B). As stated in the facts set forth above, the district court made it clear that it would not be bound by any recommendation of the prosecution. There is no written agreement contained in the record, and it is clear from defense counsel's statement at the change of plea hearing that the defense understood that the state would merely recommend a sentence. Therefore, we must conclude that the agreement in this case falls under I.C.R. 11(d)(1)(B) and that the district court was not bound to impose any particular sentence. As such, Fertig's claim that the district court erred in failing to abide by the agreement is without merit.

■ Fertig's second claim, that the district court erred by not allowing Fertig to withdraw his guilty plea, also must fail. At the change of plea hearing, the district court stated:

THE COURT: Now, I know of no reason why I would not follow [the recommendations of the prosecutor and defense counsel] now but if I did not follow them, that would not give you any grounds to withdraw your plea.

MR. FERTIG: Yes, Your Honor.

Further, there is nothing in the record to indicate that Fertig ever moved to withdraw his plea. There is no indication that the issue was raised below. Generally, issues not raised below will not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Even assuming the

issue was properly raised, however, under a I.C.R. 11(d)(1)(B) agreement, the court need not give the defendant an opportunity to withdraw his or her plea. *State v. Kingston,* 121 Idaho 879, 881, 828 P.2d 908, 910 (Ct. App.1992).

## B. WAS THE ORIGINAL SENTENCE AN ABUSE OF DISCRETION?

 Fertig claims that the district court abused its discretion in imposing the seven-year, two-year minimum, sentence. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). We first note that I.C. § 18–1508 carries a maximum sentence of life imprisonment. Therefore, Fertig's sentence does not exceed the maximum provided for by the statute. When a sentence does not exceed the statutory maximum, the appellant must show that it is a clear abuse of discretion. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982), *citing State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). A sentence may be an abuse of discretion if it can be shown to be unreasonable based on the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement may be considered reasonable if it appears at the time that the confinement is necessary, "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

 In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Fertig's actual term of confinement as two years. Fertig must establish that, under any reasonable view of the facts, a two-year period of confinement for his lewd and lascivious conviction was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

 When reviewing the sentence, we conduct an independent examination of the record, focusing on the nature of the offense as well as the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The record reveals that the abuse in this case occurred over a period of approximately three years. The record also indicates that although no intercourse occurred, the abuse was quite extensive. Fertig failed to accept responsibility for his actions after being confronted with the allegations of the abuse. It also appeared at sentencing that Fertig still held the victim in the case partially responsible, both for initiating many of the incidents of abuse and for failing to report the abuse earlier.

At the sentencing hearing, the district court considered all the goals of sentencing as outlined in *Toohill,* stating that at least some measure of punishment was required for the extensive nature of the abuse in this case. The district court also focused particularly on the protection of society. This Court has held in the past that the primary consideration for a sentencing judge is order and the protection of society, all other sentencing considerations being subservient to that end. *Toohill,* 103 Idaho at 568, 650 P.2d at 710, *citing State v. Moore,* 78 Idaho 359, 304 P.2d 1101 (1956). Also, a sentence need not serve all the sentencing goals or weigh each one equally. *State v. Dushkin,* 124 Idaho 184, 186, 857 P.2d 663, 665 (Ct.App.1993). Therefore, our review of the record indicates that the district court did not abuse its discretion in imposing the sentence in this case.

## C. DID THE DISTRICT COURT ABUSE ITS DISCRETION IN DENYING FERTIG'S RULE 35 MOTION?

 A motion for reduction of a sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Allbee,* 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct.App.1989). In conducting our review of the granting or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde,* 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987); *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App. 1984). We have concluded above that the

district court did not abuse its discretion in imposing the seven-year, two-year minimum, sentence in this case. In support of his Rule 35 motion, Fertig submitted a letter presenting essentially the same arguments that were presented at sentencing. In addition, Fertig made allegations of ineffective assistance of counsel. He also claimed that he had not been given the opportunity to review the presentence report prior to sentencing and that it contained errors. Our review of the record reveals no indication that the district court abused its discretion in denying Fertig's Rule 35 motion.

## III.

### CONCLUSION

Fertig's claim that the district court erred in not abiding by the plea agreement is without merit. The district court was not required to follow the recommendation of the prosecution. Similarly, there is no requirement that the district court give Fertig the opportunity to withdraw his plea. The sentence in this case did not amount to an abuse of discretion, nor did the district court's denial of Fertig's I.C.R. 35 motion. Therefore, the judgment and sentence imposed by the district court are affirmed.

WALTERS, C.J., and LANSING, J., concur.