903 P.2d 1329

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Charles Mitchell SMITH, Defendant–Appellant.**

**No. 21553.**

Court of Appeals of Idaho.

June 16, 1995.

Rehearing Denied Aug. 24, 1995.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Atty. Gen., Charles E. Zalesky, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

This is a sentence review. In May of 1994, Charles Smith pled guilty to two counts of lewd and lascivious conduct with a minor under the age of sixteen. I.C. § 18–1508. Smith was sentenced to concurrent terms of incarceration of twenty-five years, with minimum periods of confinement of fifteen years. On appeal, Smith argues that the sentences were unduly harsh and that the district court erred by failing to offer justification for the fifteen-year minimum periods of confinement.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent examination of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Initially, Smith argues that the district court erred by failing to justify on the record the decision to impose sentences of twenty-five years, with minimum periods of confinement of fifteen years. Our appellate courts, however, have stated that, although encouraged to do so, the sentencing court need not state its reasons for the imposition of a particular sentence. *State v. Brewster,* 106 Idaho 145, 146, 676 P.2d 720, 721 (1984); *State v. Martinez,* 122 Idaho 158, 163, 832 P.2d 331, 336 (Ct.App.1992); *State v. King,* 120 Idaho 955, 958, 821 P.2d 1010, 1013 (Ct.App.1991).

634

■ The record in this case reveals that Smith engaged in the sexual molestation of his five-year-old stepdaughter. Although Smith has no prior history of sexual abuse crimes, he has an extensive criminal record. Only thirty-one years of age at the time of this case, he has been involved in various crimes since the age of nineteen. These crimes include four felony dispositions encompassing forgery, theft and injury to a child. Smith had committed several probation violations, and was on probation for the injury to a child offense when charged with the crimes in this case. The district court, in reaching its sentencing decisions, examined Smith's prior record and opportunities for rehabilitation, but deemed the protection of society to be the most important factor. Because Smith had been involved in criminal activity for many years, and because past efforts at rehabilitation had failed, the district court found that a lengthy term of incarceration was warranted. The district court also recognized that the trauma caused to the victim in this case would be grave and would probably last throughout her life.

The record available to the district court also shows that Smith was in a state of complete denial that a crime had been committed in this case. In his statement to the presentence investigator, Smith stated that "[i]t all boils down to my word against a 7 yr. olds [sic]." The district court could have properly considered this refusal to accept responsibility when determining that further efforts at rehabilitation would not yield the desired results.

■ The issue before this Court is not whether the sentences are ones that we would have imposed, but whether the sentences are plainly excessive under any reasonable view of the facts. *Toohill,* 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the judgment of conviction and sentences are affirmed.

WALTERS, C.J., and LANSING, J., concur.