**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39918**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 782 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 9, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN JOSEPH MARR, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and sentence for felony domestic battery, <u>affirmed</u>.

Clark and Feeney; John C. Mitchell, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

John Joseph Marr appeals from the district court's judgment entered after his conviction for felony domestic battery. Marr contends that the district court erred in imposing sentence by failing to consider the sentencing factors set forth in Idaho Code § 19-2521 and that his sentence is otherwise excessive. He also contends that his trial counsel was ineffective. We affirm.

## I.

## BACKGROUND

After an assault on Marr's wife, Marcy, the State charged Marr with felony attempted strangulation, I.C. § 18-923; and felony domestic battery, I.C. §§ 18-918(2), 18-903. Marr pleaded not guilty to both charges and the matter proceeded to trial. A jury acquitted Marr of attempted strangulation but found him guilty of felony domestic battery. The district court imposed a unified sentence of ten years, with eight years fixed. Marr appeals.

1

A.      Sentence Review

When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct. App. 1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation, and retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993). Where reasonable minds might differ as to the length of the sentence, we will not substitute our view for that of the district court. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Admyers*, 122 Idaho 107, 108, 831 P.2d 949, 950 (Ct. App. 1992).

Marr first contends that the district court erred at the sentencing hearing by failing to consider the sentencing factors set forth in Idaho Code § 19-2521. His claim of error has no merit, as Idaho's sentencing scheme requires no judicial findings of fact under I.C. § 19-2521. *State v. Flowers*, 150 Idaho 568, 575, 249 P.3d 367, 374 (2011); *State v. Stevens*, 146 Idaho 139, 149, 191 P.3d 217, 227 (2008). A court is not required to recite the factors set forth in Idaho Code § 19-2521, nor is it required to give reasons for imposing the sentence. *Flowers*, 150 Idaho at 575, 249 P.3d at 374; *Stevens*, 146 Idaho at 149, 191 P.3d at 227.

Marr also contends that his unified sentence of ten years, with eight years fixed, is otherwise excessive. The record shows that the district court chose to impose a lengthy sentence to protect society and because Marr's sentencing statements and record showed that he was not amenable to rehabilitation. At trial, photographs of the victim were admitted into evidence, some taken two and one-half weeks after the incident. The photos show that the victim had a swollen face with multiple bruises and cuts, and that the whites of her eyes were largely red. At trial, Marr contended that he inflicted these injuries, but that he did so in self-defense in order to thwart an attack by the victim. In the presentence investigation report and in his oral statements

to the court at sentencing, Marr presented a different version. He claimed that he came upon the drunken victim choking herself in the bathroom and that the victim must have sustained her further injuries when she passed out and hit her face on the sink, all while he was calling the police.

At sentencing, Marr made essentially the same type of claims regarding his two previous convictions for domestic violence against two former spouses. In the first circumstance, Marr claimed that he was wrongfully convicted after his first former spouse inflicted injuries on herself and then wrongfully blamed him so that she could sleep around and do drugs while he was incarcerated. As to his second former spouse, Marr contended both that he was justified in striking the woman with his fist and beating her with her own cane because his was defending himself from her drunken assault and that the victim had a history of making false accusations. Marr placed himself in the role of a victim who had made the wrong choices of alcoholic or drug-addicted partners who falsely accused him in all three relationships.

With respect to Marr's new contention that the victim's injuries in this case were self-inflicted, the district court told Marr that it did not believe him and that, in the court's opinion, no one chokes themselves to the point of bursting capillaries in their own eyeballs. With respect to Marr's factual assertions concerning his criminal history, the court told Marr: "You are delusional, sir, and society needs to be protected from delusional people." The court concluded that Marr had a criminal record of being violent against women and noted that Marr's domestic violence evaluation described him as "uncontrollably violent." The court imposed a unified sentence of ten years, with eight years fixed, and stated that its reason for not imposing the maximum sentence of ten years fixed was so that Marr would have at least some incentive to get some treatment while he was in prison.

It is well established that in determining whether the defendant is amenable to rehabilitation, a court may take into account a defendant's failure to accept responsibility. *State v. Smith*, 127 Idaho 632, 634, 903 P.2d 1329, 1331 (Ct. App. 1995); *State v. Fertig*, 126 Idaho 364, 367, 883 P.2d 722, 725 (Ct. App. 1994). It is also well established that a sentence need not serve all the goals of sentencing but may serve any one of them. *State v. Warnell*, 124 Idaho 729, 733, 864 P.2d 175, 179 (Ct. App. 1993). The goals of punishment, retribution and deterrence, by themselves, are sufficient to justify a sentence. *Id.*

Here, the record shows that the district court considered the objectives of sentencing and that the information before the court supports the court's sentencing decision. Marr has not demonstrated that his unified sentence of ten years with eight years fixed is excessive.

**B.**     **Ineffective Assistance of Counsel**

Marr also asserts, in this direct appeal from his conviction, that his defense counsel was ineffective. One seeking relief for ineffective assistance of counsel must show that the attorney's representation was so deficient that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment and, further, that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A claim that trial counsel was ineffective generally raises factual issues that do not lend themselves to resolution by reference to the bare record of the proceedings in the criminal case. Marr provides only a laundry list of factual assertions with no citations to the record. He alleges that his trial counsel was ineffective in a number of general ways, with no cited evidence in support. By attempting to bring this claim on direct appeal without first properly presenting the issue to the district court, Marr has failed to make a necessary evidentiary record and would deprive the State of any opportunity to present evidence on this issue.

We have frequently declined to consider claims of ineffective assistance of counsel on direct appeal because such claims generally cannot be proven or resolved on the record of the criminal proceedings, and we have suggested that such claims be pursued by application for post-conviction relief. *See State v. Gomez*, 127 Idaho 327, 329-30, 900 P.2d 803, 805-06 (Ct. App. 1995); *State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct. App. 1993); *State v. Marks*, 119 Idaho 64, 66, 803 P.2d 565, 567 (Ct. App. 1991); *State v. Steele*, 118 Idaho 793, 795, 800 P.2d 680, 682 (Ct. App. 1990); *State v. Munoz*, 118 Idaho 742, 745, 800 P.2d 138, 141 (Ct. App. 1990); *State v. Darbin*, 109 Idaho 516, 523, 708 P.2d 921, 928 (Ct. App. 1985). Our appellate courts have also warned of the danger that bringing an ineffective assistance of counsel claim on direct appeal from the conviction may create a res judicata preclusion to a later attempt to fully develop such a claim in post-conviction proceedings. *See State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990); *Carter v. State*, 108 Idaho 788, 981, 702 P.2d 826, 829 (1985); *State v. Carter*, 103 Idaho 917, 923 n.4, 655 P.2d 434, 440 n.4 (1982); *Kraft v. State*, 100 Idaho 671, 672-73, 603 P.2d 1005, 1006-07 (1979); *Kraft v. State*, 99 Idaho 214, 215 n.2, 579 P.2d 1197, 1198 n.2 (1978);

4

*State v. Ruth*, 98 Idaho 879, 881, 574 P.2d 1357, 1359 (1978) (Bistline, J., specially concurring); *State v. Kraft*, 96 Idaho 901, 906, 539 P.2d 254, 259 (1975) (Bakes, J., specially concurring); *State v. Koch*, 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct. App. 1989); *State v. Rendon*, 107 Idaho 425, 426, 690 P.2d 360, 361 (Ct. App. 1984). Consistent with these precedents, we decline to consider Marr's assertion of ineffective assistance of counsel, thereby preserving his opportunity to properly present such claims in a post-conviction action should he choose to do so.

## III.

## CONCLUSION

The judgment of conviction and sentence are affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**